No. 36,106

W. J. Isle, *Appellee,* v. Kaw Transport Company, *Appellant.*

(152 P. 2d 827)

Opinion filed November 4, 1944.

*N. E. Snyder,* of Kansas City, argued the cause, and *E. P. Scrivner,* of Kansas City, and *Henry M. Shughart,* of Kansas City, Mo., were on the briefs for the appellant.

*A. J. Herrod,* of Kansas City, argued the cause for the appellee.

The opinion of the court was delivered by

Smith, J.: This is an action to recover damages alleged to have been sustained when plaintiff was thrown from the top of a gasoline truck. Judgment was for the plaintiff. Defendant has appealed.

The plaintiff alleged that he was an employee of the department of inspection and registration and on the date of the injury was an inspector at a port of entry located at a point on a highway near the eastern boundary of our state; that one of his duties was to obtain samples from trucks loaded with gasoline that were presented at this port of entry; that on the day in question about three o'clock in the morning a unit consisting of a large tank located on the chassis of a tractor and a trailer with a large tank located thereon arrived at this port; that at the rear of the tank on the trailer was a ladder with rungs leading from a short distance above the ground to the top of the tank; that for the purpose of inspecting the contents of the trailer plaintiff climbed the ladder, walked to the rear

and when he was just about to climb down from the top the trailer suddenly moved backward, then lurched and stopped and plaintiff's feet went out from under him and he was thrown to the ground and injured.

The petition then set out the extent of the plaintiff's injuries and that these injuries were caused by and directly due to the negligence of the defendant in certain particulars (these particulars were then set out). The one with which we are interested will be designated as (9) (C), as follows:

"In permitting said trailer to move or lurch backward while plaintiff was in and upon said walkway."

The answer of the defendant was first a general denial; then an allegation that if the plaintiff was injured it was due to his own carelessness and that if he was injured the injuries were caused by one of the ordinary risks of his employment which plaintiff assumed.

In the first trial the jury could not agree. When the case came on to be tried the next time defendant filed a motion to strike certain matter from the petition on the ground that the new matter injected an issue into the case which was not there the first time it was tried.

We are not favored with a record of how that motion was ruled on, neither are we able to tell from this record just what it was that defendant wished to be stricken, so we shall not pay any more attention to that particular motion.

The plaintiff took the stand and testified that the ground where the tank stood sloped from four to six inches in forty or fifty feet from west to east. He then testified as to matters about which there is no dispute as to how he crawled up on the trailer and went to the dome of the tank and took samples of it and then back to the ladder with the samples under his arm. He testified further as follows:

"When I was stooping to set the cans down, then is when the truck appeared to move a short distance, and I straightened up to see what was the matter, and then it stopped suddenly and my feet shot out from under me and there was nothing to keep me from going straight on out there. . . . The tractor moved, I would say, 18 to 20 inches—very sudden—it just shoved my feet straight out from under me and I tipped right forward. I was thrown off the truck."

On cross-examination the plaintiff testified that he did not see anybody else get in the cab of the truck at the time he was up on it; that the engine was running and that he did not ask the driver to stop the engine.

There was some evidence by the doctors as to the extent of his injuries, and the plaintiff rested.

The demurrer of defendant to this evidence was overruled.

On behalf of the defendant the driver testified that the land in front of the pumps where the truck was standing was level; that he had reached up to get the samples from plaintiff when he fell and that there was no movement of the equipment whatever.

There was some further evidence from employees of the transport company that the mechanical brakes of the truck were standard equipment.

The truck driver also testified that when he got out of the truck he put on his hand brake and when the equipment was not moving the air brakes would not work.

At the close of the evidence the defendant filed a motion for a directed verdict and for judgment on all the evidence. Both of these motions were overruled.

The defendant then filed a motion to require the plaintiff to elect whether he was proceeding under the doctrine of *"res ipsa loquitur"* or on the proof of specific acts of negligence.

There was a colloquy between counsel. As a result of this colloquy the case was submitted on the one allegation of negligence, which has heretofore been quoted in this opinion, that is, that the defendant was negligent "in permitting said trailer to move or lurch backward while plaintiff was on said walkway."

The jury answered special questions as follows:

"1. Was the occurrence in evidence a mere accident as defined in the Court's Instructions? A. No.

"2. Do you find that the defendant or its employee at the time in evidence was guilty of negligence? A. Yes.

"3. If you answer Question No. 2 in the affirmative, then state in what way or ways the defendant or its employee was negligent. A. Insufficient braking mechanism to hold this heavy a load on sloping ground.

"4. Do you find that the plaintiff was guilty of any negligence that caused or contributed to cause his injuries, if any. A. No.

"5. If you answer Question No. 4 in the affirmative, then state specifically what act or acts of negligence of the plaintiff caused or contributed to cause his injuries? A. Blank.

"6. What do you find caused the plaintiff to fall from the motor trailer in evidence? A. The lurching of the truck and trailer.

"7. Do you find that the defendant's motor trailer suddenly moved backward at the time of or immediately before plaintiff's fall from said motor trailer? A. Yes.

"8. If you answer Question No. 7 in the affirmative, then state: (a) The

extent of such movement if any? (b) What you find caused such movement? A. (a) Approximately 20 inches. (b) Insufficient brake mechanism.

"9. Did plaintiff observe and know all the conditions of the truck, trailer, and driveway when he went upon the trailer before the accident? A. No.

"10. Did plaintiff take any precautions for his own safety? A. Yes.

"11. In view of the circumstances and conditions existing when he went upon the trailer, would plaintiff's injuries have been prevented if he had exercised ordinary care and prudence? A. No."

The verdict was for $6,000.

The defendant then filed a motion to set aside the answers to all the questions because they were not supported by the evidence, and an alternative motion for judgment on the special findings if that motion should be overruled, also a motion for a new trial. These motions were all overruled. Judgment was entered for the amount of the verdict. Hence this appeal.

Defendant first argues that the court erred in overruling its motion for judgment on the answers to special questions numbers 3, 6 and 8. It points out the answer to question 3 that the defendant was negligent because the truck did not have sufficient braking mechanism to hold the heavy load on sloping ground; that the negligence with which it was charged was permitting the trailer to move backward while plaintiff was on the walkway and argues that the above finding acquitted the defendant of any other negligence, and since the negligence found was not that submitted to the jury judgment should have been entered for defendant. In this connection defendant also points out that by its answer to question number 8 the jury found that the cause of the movement of the truck was insufficient brake mechanism. The answers cannot be given the force for which defendant contends. It is true a finding by the jury that defendant was guilty of negligence in a certain particular amounts to a finding that it was not guilty of other negligence charged. There is another rule to the effect that one answer to a special question may acquit of negligence and another may find defendant negligent. Furthermore where several questions are submitted to a jury, the answers to all of them will be construed together, and where one construction leads to a conclusion that the answers to the special questions are consistent with the general verdict and another that the questions are inconsistent with it, the former will be adopted. See *Sams v. Commercial Standard Ins. Co.,* 157 Kan. 278, 139 P. 2d 859, and cases cited. Juries have the right to apply their own common sense and general knowledge. See

*Rickel v. Railway Co.*, 104 Kan. 453, 179 Pac. 550; and *Garvey v. Lamp Co.*, 113 Kan. 70, 213 Pac. 823.

When in the light of this record we examine the allegation in the petition that the negligence of the defendant was permitting the truck to move and the finding that the negligence of defendant was insufficient braking mechanism to hold this heavy load on sloping ground, we have no trouble in concluding that what the jury did was to fix its attention on what caused the movement rather than the movement itself. The members of the jury knew that in the absence of any outside agency what causes a truck to move when it is stopped on sloping ground is insufficient brakes, that is, the brakes held the truck while plaintiff climbed up on it and walked along the top, but gave way before he reached the ground. There was no evidence at all that anything happened, such as a stranger tampering with the brakes. All that the answer to question 3 amounts to is a finding that no outside force over which this defendant had any control caused this movement. As a matter of fact, the real question submitted to the jury was whether the truck moved at all. The plaintiff testified that it did move; the driver thought it did not. The jury found that it did. As a matter of fact, when the jury found that the negligence of the defendant was insufficient braking mechanism to hold this heavy load on sloping ground, that really amounted to an answer that the defendant permitted the truck to move. Movement of the truck was clearly the only thing the jury had in mind when it answered the question.

Defendant next argues that the trial court erred in overruling its demurrer to plaintiff's evidence and its motion for a directed verdict for the reason that there was no evidence of any negligence on its part, and plaintiff at that time had elected that he was not proceeding on the theory of *res ipsa loquitur*. There was evidence that the driver stopped the truck on sloping ground; that he left the engine running and that the only brake left on was the hand brake. The task of climbing upon the top of the tank, walking along it and carrying back the samples was a hazardous one at best. The defendant owed plaintiff the duty of keeping the tank from moving while he was up there. It breached this duty. The name by which the theory is called is not so important. The petition set out the duty and the breach of it. Negligence just as any other fact may be proved by circumstantial evidence. (See *McQuin v. Santa Fe Trail Transportation Co.*, 155 Kan. 111, 122 P. 2d 787; also *Mayes v. Kansas City Power & Light Co.*, 121 Kan. 648, 249 Pac. 599.)

The evidence noted was such that men of reasonable minds might conclude that the duty was breached. The demurrer and motion were correctly overruled.

Defendant next argues that the trial court erred in overruling its motion to set aside the answers to special questions 2, 3, 6 and 8. In this connection defendant states that there was no evidence of any kind that the braking mechanism was insufficient. There was evidence that the hand brake was set; that there was no air brake on the trailer and that the truck moved. This constitutes substantial evidence to sustain the answers in question.

Defendant next argues that the trial court erred in overruling the motion for a new trial because the verdict did not receive the approval of the trial court. We have examined the record on this point with care. When the motion was first submitted the court indicated some doubt as to whether the verdict should be approved. Subsequently the court had the motion up for final decision, and from the remarks then made we have no trouble in concluding that the verdict was finally approved by it.

The defendant next argues that the verdict was excessive. The jury returned a verdict for $6,000. The record discloses that plaintiff suffered severe pain for several weeks and he was given morphine and other sedatives. He was in the hospital for about two months. One leg is three-fourths of an inch shorter than the other. His hospital bill was $180.77 and doctor bill was $250. He paid for some massages, the amount of which does not appear in this record. He was forty-eight years of age when he was injured and the shortening of his leg is permanent. He did not lose any earnings while he was in the hospital because the state continued to pay him. At the time he was injured he was earning $150 per month. The testimony of doctors appointed by the court show that the plaintiff had a normal recovery and that the shortening of his leg would be compensated by a tilting of the pelvis. Under all these circumstances we have concluded that this is an excessive verdict. However, this does not indicate that the verdict is so excessive as to indicate such passion or prejudice as to require the granting of a new trial.

We have concluded that $4,000 plus the amount of the hospital and doctor bill would be more nearly reasonable than the amount allowed. If the plaintiff will remit $1,569.23 of the judgment and so advises the clerk of this court within ten days after the filing of this opinion the judgment will be affirmed—otherwise it will be reversed for a new trial. It is so ordered.