No. 45,930

Maxine Noland, *Appellant*, v. Sears, Roebuck and Company, *Appellee*.

(483 P. 2d 1029)

Opinion filed April 10, 1971.

*Gerald L. Michaud*, of Michaud and Cranmer, of Wichita, argued the cause, and *Orval L. Fisher* and *Bradley Post*, of the same firm, were with him on the brief for the appellant.

*William A. Wells*, of Lilleston, Spradling, Gott, Stallwitz and Hope, of Wichita, argued the cause, and *Ronald M. Gott*, of the same firm, was with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: The plaintiff seeks to recover damages for personal injuries received when she fell down some steps leading from the Sears, Roebuck department store in Wichita. The trial court sustained the defendant's motion for dismissal made at the conclusion of plaintiff's evidence, and she has appealed.

The parties will be referred to as plaintiff and defendant, the status they occupied in the court below.

Mrs. Noland, the injured plaintiff, had purchased a power saw on a layaway plan as a Christmas gift for her husband. On December 8, 1967, accompanied by her two young sons and a friend, Katherine Blair, the plaintiff went into the Sears store to pick up her purchase, which was packaged in a large box approximately 8½ x 11½ x 14 inches and weighed some fifteen pounds. Upon leaving the store the plaintiff was followed by Mrs. Blair and the two boys. She proceeded to walk west along a concrete walkway running along the south side of the store, carrying the box in front of her, and headed toward her car which was parked southwest of the building in the customer pickup area.

As Mrs. Noland approached the steps at the west end of the walkway she turned around toward Mrs. Blair, and told her to be sure to take the boys' hands. Turning back, the plaintiff stopped a second and shifted the box toward one side to glance at the steps, after which she put the box back in front of her and started down the steps. As she took the first step she lost her balance and fell, injuring her knee. Further facts will be developed as the need arises.

The grounds of negligence on which Mrs. Noland relies, as shown by the pretrial order, were the defendant's failure to provide handrails, plus inadequate width of the treads and uneven height of the risers. The plaintiff alleges these defects violated provisions of the city building code adopted by ordinance and in effect on the date of her accident.

Three points are raised on appeal. The first two relate to the admissibility of certain evidence, while the third is whether there was sufficient evidence to require its submission to the jury. We will first take a look at the third point, since we deem it to be the most significant.

The rule to be applied in testing the sufficiency of evidence to withstand a motion for dismissal or for directed verdict, entered at

the conclusion of the plaintiff's case, has been stated by this court many times. In *Furstenberg v. Wesley Medical Center*, 200 Kan. 277, 436 P. 2d 369, it was held:

> "In ruling on a motion for a directed verdict all disputed factual questions and all inferences reasonably to be drawn from the evidence must be resolved in favor of the party against whom the motion is directed, and where reasonable minds might reach different conclusions thereon, the motion should be overruled and the case submitted to the jury." (Syl. ¶ 1.)

Along this same line, we further said, in *Springfield Tent & Awning Co. v. Rice*, 202 Kan. 234, 237, 447 P. 2d 833, that the trial court is not to weigh evidence on a motion for directed verdict but must accept as true all facts which the evidence tends to prove, together with all inferences which are reasonably to be deduced therefrom in favor of the party against whom the motion is directed.

In the present case, the evidence is undisputed that the Wichita building code, effective at the time of the plaintiff's fall, required that stairways be equipped with handrails on each side and, where the steps exceeded 88 inches in width, that intermediate handrails be installed dividing the stairway into portions not more than 88 inches wide. The code also limited the permissible variance both in the height of the risers and the slope of the treads from heel to toe. However, since plaintiff testified that she stumbled as she took her first step, and since the slope of the treads is not set out in the pretrial order as one of the grounds of negligence, we need no longer consider either of the latter code provisions or the alleged violations thereof. Accordingly, we shall limit our discussion to the contention that Sears was negligent in failing to provide handrails as required by the ordinance.

The stairway involved in this lawsuit was only two risers in height and varied somewhat in width because of an oblique retaining wall abutting one end. At the step-off point the width was seven feet, the second step going down measured seven feet, eleven inches, or ninety-five inches in width, while the stairway was more than nine feet wide at the bottom. Although there was some dispute as to which measurement was controlling, the code clearly required handrails on each side of this stairway and, as we view the figures, one in the center as well. The trial judge must have entertained the same view for, in granting defendant's motion to dismiss, he announced "There was no handrail, as called for under the city ordinance, at the time in question."

It is the unquestioned rule of this jurisdiction that the breach of a duty imposed by law or ordinance constitutes negligence *per se,*

providing a basis for the recovery of damages proximately resulting therefrom. (*Kendrick v. Atchison, T. & S. F. Rld. Co.,* 182 Kan. 249, 320 P. 2d 1061, and cases cited therein.) That rule we deem to be applicable here, so far as the establishment of negligence on the defendant's part is concerned.

But proof of negligence is only one half of the equation leading to legal liability; proof of proximate cause is the other half. A connection must be established between the negligence proved and the damage or injury occasioned, and herein lies the main dispute between these parties so far as the merits of this appeal are concerned.

Was there sufficient evidence before the trial court to require submission of the case to the jury? A majority of this court believes there was.

We first must take note of the stipulation shown of record that Mrs. Noland was a business invitee of Sears. That relationship defines the duty owed her, it being the defendant's obligation to exercise due care to keep the premises reasonably safe for her use as a business visitor and to warn of any dangerous conditions which might exist and the risks involved therefrom. (*Little v. Butner,* 186 Kan. 75, 348 P. 2d 1022.)

Turning to the evidence, Mrs. Noland testified it was her usual practice when she walked down steps where there was a handrail, to walk right beside it or at least to put her hand on top of it; that when she lost her balance on the Sears' steps, there was nothing she could do to regain her balance or steady her balance without falling; that she lost her balance and had nothing to hang onto; there was no way for her to regain her balance.

When Mrs. Noland was asked if, in her opinion, she would have lost her balance or, having lost her balance, would have fallen had there been a handrail, or whether she would have used the handrail, if there, objections were interposed which the trial court sustained on the ground that the questions called for conclusions. In so ruling, we believe the court was incorrect. K. S. A. 60-456 (*d*) provides in substance that testimony in the form of opinions otherwise admissible under the statute, by a witness not testifying as an expert, is not objectionable because it embraces the ultimate issue or issues to be decided by the trier of facts. However, irrespective of the fact that plaintiff was not permitted to express her opinion, we believe there was sufficient evidence from which an inference of causation could be made.

A Wichita architect Mr. Kenneth Vern Brown, testifying for the plaintiff as an expert in the field of architectural design and structure, stated that handrails were designed for the safety and protection of persons using a stairway; that a handrail helps one to keep his balance as he goes down the stairs; it would be something a person could grab and hang on to steady himself if he should tend to fall. In response to a hypothetical question put to him, Mr. Brown stated that without a handrail, "you don't have the assurance walking down a stairs that you would with a handrail" and followed this up by saying "If there was a handrail, you would have a chance to grab something to steady yourself, but without a handrail you don't even have that last chance."

We believe the evidence in its entirety, even though it may not have been robust, would have been sufficient under the surrounding circumstances to justify the jury in drawing an inference of causation, had the case been submitted to it. Jurors have the right to apply their own common sense and to use the general knowledge they have in common with the rest of mankind. (*Smith v. Railroad Co.*, 95 Kan. 451, 148 Pac. 759; *Isle v. Kaw Transport Co.*, 159 Kan. 110, 152 P. 2d 827.) In *Rickel v. Railway Co.*, 104 Kan. 453, 179 Pac. 550, this court held that:

"A jury may draw upon their own information, without proof, touching simple matters of common knowledge and experience . . . (Syl. ¶ 3.)

In a later case we said that even a jury may take cognizance of facts within the common knowledge and experience of people generally. (*Garvey v. Lamp Co.*, 113 Kan. 70, 73, 213 Pac. 823.) Jurors should not be required to leave their common sense behind when entering the jury room. Viewed from this perspective we consider the evidence adequate to sustain a permissible inference of proximate cause.

We have been unable to find any case from this jurisdiction which is factually in point with the present action. However, we believe the case of *Randall v. Nasbarg*, Colo. App., 470 P. 2d 893, bears some analogy.

One further matter should be noted before closing this opinion. The plaintiff complains that Mr. Brown, the Wichita architect, was not permitted to answer certain hypothetical questions asked of him. However, in view of his answer to a subsequent hypothetical question put to him, no prejudicial error is perceived in this respect.

Although the question presented in this case may be a close one, we believe the trial court erred in removing the matter from the jury. The judgment is reversed with directions to overrule the defendant's motion for dismissal, to set aside the judgment entered in favor of the defendant and to reinstate this action for further proceedings in line with the views herein expressed.

It is so ordered.

PRICE, C. J., and SCHROEDER, J., dissent from paragraph 6 of the syllabus and the corresponding portion of the opinion.