No. 60,026

JOHN GREENLEE, *Appellant,* v. THE BOARD OF COUNTY COMMISSION-
ERS OF CLAY COUNTY, KANSAS, *Appellee.*

(740 P.2d 606)

Opinion filed July 17, 1987.

*Richard H. Seaton,* of Everett, Seaton and Miller, of Manhattan, argued the cause, and *Tim W. Ryan,* of Ryan and Ryan, P.A., of Clay Center, was with him on the brief for appellant.

*John D. Conderman,* of Arthur, Green, Arthur, Conderman & Stutzman, of Manhattan, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

PRAGER, C.J.: This is an action brought by a former county highway employee against the Board of County Commissioners of Clay County to recover damages for wrongful termination of employment. The trial court granted defendant's motion for summary judgment on plaintiff's tort claims. The plaintiff employee, John Greenlee, appealed.

The facts in the case are essentially undisputed and are as follows: The plaintiff, John Greenlee, worked for the Clay County Highway Department from July 31, 1978, until January 25, 1985. He was terminated involuntarily on the latter date, pursuant to a letter from the Clay County Highway Administrator which stated in part:

"This is due to the lack of funds this coming year. We won't be getting any revenue sharing money which was $109,000 last year. We are also $180,000 in the hole so these measures are necessary."

Plaintiff then filed this action for damages, asserting multiple causes of action. His first claim was for breach of contract, which was dismissed by the court below after a partial trial, and that claim is not involved in this appeal. His other causes of action were in tort and were based upon three theories:

(1) For reckless or intentional violation of the cash-basis and budget laws resulting in loss of his job;

(2) for willful violation of the public policy of this state as incorporated in the cash-basis and budget laws; and

(3) for breach of an implied covenant of good faith and fair dealing between employer and employee.

In his amended petition, plaintiff alleged that the board of commissioners spent $175,000 more than was available in the road and bridge fund during 1984 and spent $248,000 more than was budgeted for that fund during 1984. He further alleged that the defendant knowingly and negligently failed to control expenditures on a day-to-day basis as required by the cash-basis and budget laws, that he was terminated as a result, and suffered damages as the direct and proximate result of defendant's wrongful acts.

The defendant board admitted it was bound by the cash-basis and budget laws and that the county was $175,000 short in the funds of the highway department. Prior to trial the trial court granted summary judgment in favor of defendant on all of plaintiff's tort claims. The trial court held that the plaintiff had no personal cause of action against defendant for violation of the cash-basis or budget laws and that the uncontroverted facts showed there was no proximate causal relationship between plaintiff's discharge and defendant's violation of those laws. The trial court also held that the law of Kansas does not provide a

cause of action for breach of a covenant of good faith and fair dealing in an employment-at-will relationship in the public sector. Plaintiff filed a timely appeal to the appellate courts.

The first issue which we must determine on the appeal is whether plaintiff, as a former county employee, has a personal cause of action in tort against the defendant board of county commissioners because the commissioners violated the cash-basis law and the budget law and, as a result, plaintiff was terminated as a county employee. The issue presented requires us to consider the question of when a personal right of action arises as a result of a breach of a statutory duty. Generally, the test of whether one injured by the violation of a statute may recover damages from the wrongdoer is whether the legislature intended to give such a right. While, in some cases, statutes expressly impose personal liability on persons or entities for violation of the provisions thereof, or for failure to perform specified duties, the absence of such express provisions does not necessarily negate a legislative intent that the statute shall affect private rights. The legislative intent to grant or withhold a private cause of action for a violation of a statute, or the failure to perform a statutory duty, is determined primarily from the form or language of the statute. The nature of the evil sought to be remedied and the purpose the statute was intended to accomplish may also be taken into consideration. The generally recognized rule is that a statute which does not purport to establish a civil liability but merely makes provision to secure the safety or welfare of the public as an entity is not subject to construction establishing a civil liability.

The question whether a liability arising from the breach of a duty prescribed by statute accrues for the benefit of an individual specially injured thereby, or whether such liability is exclusively of a public character, depends upon the nature of the duty imposed and the benefits to be derived from its performance, and the relevancy of the rule laid down by the statute to private rights. 73 Am. Jur. 2d, Statutes §§ 431 and 432, pp. 529-30.

As to statutes pertaining to public officers, the failure of a public officer to comply with the laws governing and regulating his or her powers or duties, besides giving rise to possible ouster or liability in the criminal courts, may subject such officer to a

civil action for damages. If a duty which the official authority imposes upon an officer is a duty owed to the public, a failure to perform it or an erroneous performance is regarded as an injury to the public and not as one to the individual. It is to be redressed in some form of public prosecution and not by a private person who conceives himself specially injured. In other words, official misconduct can constitute an individual wrong only if the duty is owed to the party seeking redress. 63A Am. Jur. 2d, Public Officers and Employees § 371, pp. 940-41, and the cases cited thereunder.

The United States Supreme Court in *Cort v. Ash,* 422 U.S. 66, 78, 45 L. Ed. 2d 26, 95 S. Ct. 2080 (1975), adopted an approach to be used by the federal courts in determining whether a private cause of action should be implied from a federal statute. The Court suggested four relevant factors to be considered:

"First, is the plaintiff 'one of the class for whose *especial* benefit the statute was enacted,' *Texas & Pacific R. Co. v. Rigsby,* 241 U.S. 33, 39 [, 60 L. Ed. 874, 36 S. Ct. 482] (1916) (emphasis supplied)—that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? See, *e.g., National Railroad Passenger Corp. v. National Assn. of Railroad Passengers,* 414 U.S. 453, 458, 460 [, 38 L. Ed. 2d 646, 94 S. Ct. 690] (1974) (*Amtrak*). Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? See, *e. g., Amtrak, supra; Securities Investor Protection Corp. v. Barbour,* 421 U.S. 412, 423 [, 44 L. Ed. 2d 263, 95 S. Ct. 1733] (1975); *Calhoon v. Harvey,* 379 U.S. 134 [, 13 L. Ed. 2d 190, 85 S. Ct. 292] (1964). And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law? See *Wheeldin v. Wheeler,* 373 U.S. 647, 652 [, 10 L. Ed. 2d 605, 83 S. Ct. 1441] (1963); cf. *J. I. Case Co. v. Borak,* 377 U.S. 426, 434 [, 12 L. Ed. 2d 423, 84 S. Ct. 1555] (1964); *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U. S. 388, 394-395 [, 29 L. Ed. 2d 619, 91 S. Ct. 1999] (1971); *id.,* at 400 (Harlan, J., concurring in judgment)."

The federal courts in Kansas have followed the approach suggested in *Cort v. Ash.* See *Gray v. City of Kansas City, Kan.,* 603 F. Supp. 872 (D. Kan. 1985); *Davis v. Modine Mfg. Co.,* 526 F. Supp. 943 (D. Kan. 1981); *Brown v. American Home Products Corp.,* 520 F. Supp. 1120 (D. Kan. 1981); *Young v. Harder,* 361 F. Supp. 64 (D. Kan. 1973).

The Kansas decisions have also used a similar analysis in determining whether the violation of a statute creates a cause of

action in favor of an individual. In *Harrod v. Latham*, 77 Kan. 466, 470-71, 95 Pac. 11 (1908), this court had to determine whether a violation of a statute regulating insurance companies provided a private cause of action for one specifically injured by violation thereof. This court stated:

" 'Two apparently inconsistent rules have been enunciated by the courts in deciding whether damage caused to an individual by the violation of a penal statute creating a new right or duty constitutes a civil cause of action in his favor, or whether the penal cause of action is exclusive. On the one hand it has been held that, as a general rule, the wrong-doer is liable in damages to a party injured by the violation of the statutory duty, notwithstanding he may be subject to the penalty for the public wrong; on the other, that the offense against the state is the only cause of action, and the penal suit in expiation thereof an exclusive remedy. *By the better authority the true test for determining whether or not such penal statutes confer a cause of action for private injuries resulting from the breach seems to be whether the intention of the law is to confer a right upon individuals in addition to creating a new public offense.*' (1 Cyc. 679.)

"The intention of this law is obvious; it is to protect our citizens who may become policy-holders. (*Morton v. Hart Bros.*, 88 Tenn. 427, 12 S. W. 1026.) The benefits sought are not altogether to vindicate the sovereignty of the state, but to secure safe insurance for our citizens. When the protection is for the benefit of a class, or individuals of a class, it is held that an individual right of action accrues to the party injured. (*Taylor v. Lake Shore & Mich. S. Ry.*, 45 Mich. 74, 7 N. W. 728, 40 Am. Rep. 457)." (Emphasis supplied.)

See also *Shelden v. Wichita Railroad and Light Co.*, 125 Kan. 476, 264 Pac. 732 (1928) (in order for violation of a statute to constitute actionable negligence, the injury complained of must be the sort the legislation was intended to guard against); *Parman v. Lemmon*, 119 Kan. 323, 325, 244 Pac. 227 (1925) (in order for the violation of a criminal statute to constitute actionable negligence, the injury complained of must be of the sort the legislation was intended to prevent); *Denton v. Railway Co.*, 90 Kan. 51, 133 Pac. 558 (1913) (when a statute creates a duty with the object of preventing a mischief of a particular kind, a person who, by reason of another's neglect of the statutory duty, suffers a loss of a different kind is not entitled to maintain an action in respect to such a loss).

Likewise, this court has denied recovery on an individual's action against a law enforcement officer, stating the duty of a law enforcement officer to preserve the peace is owed to the public at large and not to a particular individual. See *Griffin v. Rogers*,

232 Kan. 168, 175, 653 P.2d 463 (1982), which discusses the immunity of a sheriff for failing to maintain a weather warning system and failing to transmit a severe weather forecast to a showboat which was struck by high winds and capsized on Lake Pomona; and *Hendrix v. City of Topeka*, 231 Kan. 113, 122-23, 643 P.2d 129 (1982), which contains a good discussion of when a public duty becomes narrowed to a special duty owed to an individual.

As noted heretofore, the question presented to the court on this appeal is whether a violation of the Kansas cash-basis law and the budget law creates a private cause of action in tort in favor of an individual. In *Shouse v. Cherokee County Comm'rs*, 151 Kan. 458, 465, 99 P.2d 779 (1940), it was stated that the purpose of the cash-basis and budget laws is to prevent a deficit in the funds of a municipality at the end of the fiscal year. To effectuate that purpose, the budget is to be carefully made and the estimate of expenditures therein specified is to be faithfully observed. K.S.A. 10-1102 declares that the purpose of the cash-basis law is to provide for the funding and payment of all legal debts and obligations and for the future conduct of the financial affairs of such municipality upon a cash basis.

The budget law, K.S.A. 79-2935, makes it unlawful for the governing body of any taxing subdivision or municipality in any budget year to create an indebtedness in any manner or in any fund after the total indebtedness created against such fund shall equal the total amount of the adopted budget of expenditures for such fund for that budget year. Any indebtedness incurred by the governing body or any officer or officers of such taxing subdivision or municipality in excess of said amount shall be void as against such taxing subdivision or municipality.

We are convinced from our reading of the cash-basis law (K.S.A. 10-1101 *et seq.*) and the budget law (K.S.A. 79-2935) that the intent of the legislature was not to provide county employees job security but rather was to protect the public from the consequences of financial overspending and deficits. The statutes are clearly for the benefit of the public at large and not for the benefit of a special class.

The legislature has specifically provided remedies for violations of those statutes, including K.S.A. 19-2609 (removal of

county officers); K.S.A. 19-233 (a criminal misdemeanor penalty); K.S.A. 79-2936 (removal from office); and K.S.A. 60-1205 and K.S.A. 60-1206 (forfeiture and ouster proceedings). It would appear that the legislature has thoroughly addressed the legislative remedies for violation of the cash-basis law and the budget law, and that the failure to provide a private cause of action for an individual citizen was intentional.

We also note K.S.A. 10-1119, which voids any contract entered into between the governing body of a municipality and another person which violates the provisions of the cash-basis law. In *Patterson v. Montgomery County Comm'rs,* 145 Kan. 559, 66 P.2d 400 (1937), a schoolteacher taught school for eight months at $110 per month. The school funds were exhausted after six months. Because the teacher taught two additional months for which she was not paid, she sued the school district and recovered a judgment for $220, interest, and costs. On appeal, this court relied on K.S.A. 10-1119, holding that the school district was bound to live within the amount of money it had, and, further, that the contract with the teacher violated provisions of the cash-basis law and was void.

Considering the factual circumstances of the case now before us, it is undisputed that the county highway indebtedness had already exceeded the available funds, and to provide a private remedy to plaintiff for damages on top of that indebtedness would be inconsistent with the underlying purpose of the cash-basis and budget laws.

We have concluded that the cash-basis and budget laws were enacted to protect the public at large and not to provide a benefit to a special class. We hold that, in this case, the plaintiff as a county employee does not have a personal cause of action in tort against the board of county commissioners because the commissioners violated either the cash-basis law or the budget law, and that the trial court was correct in so holding. In view of the holding that the plaintiff has no cause of action in tort for violation of the cash-basis or budget laws, the question of the causal relationship between violations of those statutes and the plaintiff's damages becomes moot and need not be determined.

The other issue raised by the plaintiff on this appeal is whether the plaintiff has a cause of action for breach of an

implied covenant of good faith and fair dealing. The trial court determined, as a matter of law, that the plaintiff has no cause of action based upon any breach of an employment contract with the county. It is undisputed that the plaintiff was in the position of an employee-at-will. In our recent decision in *Morriss v. Coleman Co.*, 241 Kan. 501, 738 P.2d 841 (1987), this court held that there is no implied covenant of good faith and fair dealing applicable to employment-at-will contracts. That decision is controlling on this point. We hold that the trial court did not err in its decision that the law of Kansas does not provide a cause of action for breach of an implied covenant of good faith and fair dealing in a case involving an employment-at-will contract.

The judgment of the district court is affirmed.