No. 64,486

LAURA SCHLOBOHM, *Appellant,* v. UNITED PARCEL SERVICE, INC., and SMITH CONSTRUCTION CO., INC., *Appellees.*

(804 P.2d 978)

Opinion filed January 18, 1991.

*Thomas A. Krueger,* of Krueger Law Offices, Chartered, of Emporia, argued the cause and was on the brief for appellant.

*John G. Atherton,* of Atherton & Vander Velde, of Emporia, argued the cause and was on the brief for appellee Smith Construction Co., Inc.

*Steve R. Fabert,* of Fisher, Patterson, Sayler & Smith, of Topeka, argued the cause, and *James P. Nordstrom,* of the same firm, was with him on the brief for appellee United Parcel Service, Inc.

The opinion of the court was delivered by

HERD, J.: This is a personal injury action in which Laura Schlobohm seeks damages for injuries sustained when she fell in the entranceway of the United Parcel Service (UPS) building in Emporia. Schlobohm alleged UPS and Smith Construction Company (Smith), the builder of the entranceway, were negligent, in part, in the construction and maintenance of the entranceway because it had an elevation differential of more than one inch. UPS and Smith asserted comparative negligence by Schlobohm. Following a trial to the jury, a verdict was returned assessing Schlobohm 88% fault, UPS 12% fault, and Smith 0% fault. The Court of Appeals affirmed and we granted Schlobohm's petition for review.

The relevant undisputed facts are: On December 4, 1986, Schlobohm, a business invitee of UPS, arrived at the UPS premises with a package for shipment. A car parked too close to the building prevented Schlobohm from fully opening the door. Therefore, she held the door partially open with her hip, maneuvered to the other side of the door, and stepped into the entranceway. Before Schlobohm could completely enter the building, the door forcibly closed, causing her to fall and catch her right ankle between the door and the $2^7/8$ inch rise of the threshold. Schlobohm suffered a fractured and dislocated ankle that required several surgeries.

Prior to trial, Schlobohm proffered the testimony of a city building inspector, the 1976 Uniform Building Code (Code), and the city ordinance adopting the Code to show the threshold of the UPS entranceway violated the city ordinance and Code. The elevation differential between the outside landing and the top of the threshold was $2^7/8$ inches. The Code prohibited a differential of more than one inch. 1976 Building Code § 3303(h). The district court ruled the Code was not admissible to prove negligence or the standard of care. The district court additionally ruled that evidence of other entranceways in the community was admissible and that evidence on the lack of prior accidents in the entranceway was admissible on the issues of notice and relative safety of the entranceway. Schlobohm

appeals the district court's pretrial determination of legal issues regarding the admission of evidence.

Schlobohm first contends the district court erred in prohibiting admission of the Code as evidence of negligence per se or as a standard of care. For support, Schlobohm relies upon *Noland v. Sears, Roebuck & Co.*, 207 Kan. 72, 483 P.2d 1029 (1971).

In *Noland*, the plaintiff brought suit for personal injuries incurred when she fell down the stairs of defendant's department store. It was an undisputed fact that the defendant violated the city code by failing to equip the stairway with handrails. The *Noland* court ruled that breach of a duty imposed by law or ordinance constituted negligence per se. Testimony provided at trial established that handrails were designed for the protection of persons using a stairway and that the plaintiff had nothing to hang onto when she lost her balance. Thus, the court held it was error not to submit the issues of negligence per se and proximate cause to the jury. 207 Kan. at 73-77.

The Court of Appeals rejected Schlobohm's reliance on *Noland* for two reasons. First, the court concluded Schlobohm was not a member of the class to be protected under the Code. Second, the Court of Appeals reasoned this court has not followed the *Noland* holding.

An examination of our case law subsequent to the *Noland* ruling reveals numerous cases in which we have repeated the general rule that violation of a statute or ordinance constitutes negligence per se and liability attaches where the violation is the proximate cause of damages. *Arredondo v. Duckwall Stores, Inc.*, 227 Kan. 842, 843, 610 P.2d 1107 (1980); *Plains Transp. of Kan., Inc. v. King*, 224 Kan. 17, 25, 578 P.2d 1095 (1978); *Plains Transport of Kansas, Inc. v. Baldwin*, 217 Kan. 2, 7, 535 P.2d 865 (1975).

In *Arredondo*, an action to recover damages for personal injuries, the plaintiff premised liability upon the violation of a criminal statute. The plaintiff argued contributory negligence was not a defense because it would destroy the legislative intent to make sale of gunpowder to a minor a crime. 227 Kan. at 843. We concluded the primary purpose of the criminal statute at issue, K.S.A. 21-4209, was to protect the general public, with incidental consideration given to the protection of minors. 227 Kan. at 849. Violation of the statute, therefore, did not constitute negligence per se and the comparative

negligence statute was utilized in determining damages. 227 Kan. at 850. We find *Arredondo* is distinguishable from *Noland.*

More recently, in *Greenlee v. Board of Clay County Comm'rs,* 241 Kan. 802, 803, 740 P.2d 606 (1987), the plaintiff sought to recover damages for wrongful termination based upon violation, *inter alia,* of cash basis and budget laws. The sole issue presented questioned when a personal right of action arises as a result of a breach of statutory duty. We stated the test to determine whether an individual injured by violation of statute could recover damages depended on whether the legislature intended to give such a right. We directed that legislative intent could primarily be determined by the form or language of the statute, but consideration could also be given to the nature of the evil sought to be remedied and the purpose the statute was intended to accomplish. Finally, we stated that a statute which did not purport to establish civil liability but merely made provision to secure the safety and welfare of the public did not establish civil liability. 241 Kan. at 804.

In *Greenlee,* we examined the cash basis and budget statutes at issue and determined they were not intended to provide job security but were intended to protect the public from financial overspending. 241 Kan. at 807. Thus, statutes clearly for the benefit of the public at large did not provide the plaintiff with an individual right of action based upon breach of a statutory duty.

Review of our holdings in *Arredondo* and *Greenlee* shows that this court has limited the general rule espoused in *Noland.* Violation of a statute or ordinance alone does not establish negligence per se. In addition, *Arredondo* and *Greenlee* require the plaintiff to establish that an individual right of action for injury arising out of the violation was intended by the legislature. Statutes or ordinances enacted to protect the public at large, therefore, do not create a duty to individuals injured as a result of the statutory violation and the doctrine of negligence per se is inapplicable. Restatement (Second) of Torts §§ 288 comments a and d, 288B comments a and d (1964).

The issue presented to this court, therefore, is whether that provision of the Code, adopted by ordinance, which limits the elevation differential between the floor and threshold of a doorway to one inch was intended to protect the public at large or was intended to provide protection for a special class of which Schlobohm was a member.

Section 102 of the Code sets forth the purpose of the Code:

"The purpose of this Code is to provide minimum standards to safeguard life or limb, health, property, and public welfare by regulating and controlling the design, construction, quality of materials, use and occupancy, location and maintenance of all buildings and structures within the city and certain equipment specifically regulated herein."

Section 3303(h) provides:

"Change in Floor Level at Doors. Regardless of the occupant load, there shall be a floor or landing on each side of a door. The floor or landing shall be not more than 1 inch lower than the threshold of the doorway. Where doors open over landings, the landing shall have a length of not less than 5 feet."

Sections 6-226 and 6-227 of the adopting ordinance provide that liability for injury is not relieved by the article and that violation of the Code may induce a fine or imprisonment.

Schlobohm contends § 102 of the Code establishes minimum standards of safety. She asserts § 3303(h) was enacted to protect the users of doorways from injury to life or limb. Thus, the legislative language of the Code indicates an intent to protect a special class, which includes Schlobohm, against the type of harm she suffered.

UPS and Smith, on the other hand, argue § 3303(h) is part of the general Code enacted for the benefit of the public at large and thereby does not give rise to a private cause of action. Appellees compare the Code provision to city ordinances concerning construction or obstruction of sidewalks.

In *Pierce v. Jilka,* 163 Kan. 232, 237, 181 P.2d 330 (1947), this court ruled a city ordinance prohibiting obstruction of a city sidewalk did not create personal liability for damages upon the adjoining landowner. In *Harris v. McConnell,* 194 Kan. 800, 801, 401 P.2d 908 (1965), the plaintiff brought suit to recover damages for personal injuries, alleging the defendant violated a city ordinance which required abutting landowners to maintain and repair sidewalks. We found the duty imposed by statute flowed from the abutting owner to the city and did not create an individual right of action against the abutting owner. 194 Kan. at 802.

Appellees also contend the Code is essentially an inspection law designed to promote public health, safety, and welfare. For support, appellees rely upon *Siple v. City of Topeka,* 235 Kan.

167, 173, 679 P.2d 190 (1984), wherein we ruled statutes and ordinances requiring inspections are enacted to secure benefits for the public at large and do not create a duty to the individual injured by violation of such statute or ordinance.

The language of § 102 of the Code states the purpose of the Code is to provide "minimum standards to safeguard life or limb, health, property, and *public welfare.*" This language indicates a legislative intent to provide for the safety of the public in general and not for any particular class of persons. On the other hand, the ordinance specifically states that civil liability is not relieved by the enactment, although criminal liability in the form of imprisonment, fine, or both can attach for violation of any of the provisions. In addition, the safety ordinance at issue in the present case is substantially similar to the ordinance violated in *Noland,* which we found protected the class of persons who used stairways. 207 Kan. at 75. Section 3303(h) of the Code protects those persons like Schlobohm who enter and exit doorways from injury caused by tripping over an improper elevation differential between the floor and threshold.

We hold the Code provisions were enacted to protect a special class of individuals, of which appellant is a member, and that the appellees' violation of the Code was admissible evidence of negligence per se. Thus, the district court committed reversible error in refusing to admit the Code into evidence.

■ We point out that a jury finding of negligence per se by a defendant does not of itself incur liability unless such negligence is the proximate cause of the accident. We also note in this regard that negligence per se is not distinguishable from other negligence. Only the method of proving it varies. Negligence per se is therefore subject to the comparative negligence provisions of K.S.A. 60-258a unless gross and wanton negligence is pled and proved. See generally *Gould v. Taco Bell,* 239 Kan. 564, 722 P.2d 511 (1986).

Appellees argue, however, that even if the district court erred in not allowing the violation to be admitted as evidence of negligence per se, the issue of liability is moot because there was no evidence the greater elevation differential was causally related to Schlobohm's injuries. We disagree.

At trial, Schlobohm testified she did not think her foot would have been caught between the door and threshold if the landing and entrance had been flush. DeWald Wells, a construction consultant and building contractor, also testified at trial. In a hypothetical question, presenting factors similar to the case at hand, Wells stated it was doubtful Schlobohm's foot could have been caught between the door and threshold without the $2^7/8$ inch elevation differential.

The evidence establishes that violation of the Code may have proximately caused Schlobohm's injury. The issue, therefore, is one for consideration by the jury.

It is argued by appellees that Schlobohm failed to proffer evidence of the Code at trial and failed to request an instruction on negligence per se and that she therefore failed to preserve the issue for appeal. These arguments have no merit. The district court conducted a full pretrial hearing to determine questions of law. There, Schlobohm proffered the evidence of the Code and the court ruled it inadmissible to prove negligence per se or standard of care. Schlobohm abided by the court's written order, as she was required to do, and did not again offer the evidence. As a result, there was no evidence of negligence per se of record and thus no reason to request an instruction. Appellees' argument is without merit.

Schlobohm next contends the district court abused its discretion in allowing the introduction of evidence as to the design and construction of other entranceways in the community. This argument is irrelevant since we have found violation of the Code constituted negligence per se.

Finally, Schlobohm asserts the district court erred in its pretrial order allowing evidence of the nonoccurrence of prior accidents in the entranceway on the issues of notice and relative safety of the entranceway. Schlobohm argues notice is not a necessary element of proof required where the proprietor of a business creates a dangerous condition.

At trial, the manager of the UPS facility and a longtime employee at the UPS building both testified there had been no prior accidents in the entranceway. UPS and Smith argue the evidence was properly admissible to establish the safety of the doorway.

Although we find no recent case law on the admissibility of evidence to prove the absence of complaints or accidents, several cases in our history have dealt with the issue. *Field v. Davis*, 27 Kan. 400, 402 (1882), was an action to recover damages for personal injuries incurred when plaintiff's mules became frightened and backed off an elevator incline. The plaintiff alleged defendant was negligent in failing to provide a sufficient barrier. On appeal, plaintiff alleged the defendant erroneously asked three witnesses familiar with the elevator whether they knew of any similar accidents. 27 Kan. at 403. The court ruled the evidence was properly admitted because the nonoccurrence of prior accidents was evidence the elevator incline was reasonably safe—a material issue in the case. 27 Kan. at 405-06.

In *Cook v. Railway and Bridge Co.*, 101 Kan. 103, 107, 165 Pac. 803 (1917), the plaintiff also alleged error in the admission of testimony that others had passed trains without accident on the bridge where plaintiff was injured. We held the evidence was competent as proof the bridge was safe under ordinary conditions. 101 Kan. at 108. See *Timsah v. General Motors Corp.*, 225 Kan. 305, 316, 591 P.2d 154 (1979).

■ We conclude evidence of no prior complaints or accidents in the UPS entranceway was properly admitted on the issues of safety and comparative fault. The nonoccurrence of prior accidents is evidence tending to establish that a reasonably careful person could negotiate the doorway safely. Therefore, we find no abuse of discretion.

The judgments of the Court of Appeals and the district court are reversed and the case is remanded for new trial.

ABBOTT, J., not participating.