Tracy D. Streeter, Executive Director State Conservation Commission 109 S.W. 9th Street Suite 500, Mills Building Topeka, Kansas 66612-1299
Dear Mr. Streeter:
You request our opinion on applicability of the Kansas cash-basis law, K.S.A. 10-1101 et seq., to conservation districts and ask that we address the authority of such entities to enter into lease-purchase agreements. You reference Attorney General Opinion No. 92-121 wherein it was stated that conservation districts do not have the authority to enter into lease-purchase agreements obligating money not otherwise contained or provided for in the current budget. Attorney General Opinion No. 92-121 reviewed the definition of municipality in the cash-basis law and concluded that it did not apply to conservation districts. However, the opinion went on to note that the terms of K.S.A. 2-1908 precluded such districts from obligations that violated the terms of subsection (l) of that statute. You ask that we review the amended definition of municipality for cash-basis law purposes and reconcile subsections (e) and (l) of K.S.A. 2-1908.
The definition of a municipality subject to the cash-basis law in K.S.A. 10-1101(a) was amended in 1994. L. 1994, ch. 117, sec. 1. Previously, a municipality was "held to mean county, township, city, municipal university, school district, community junior college, drainage district, and any other similar political subdivision or taxing district of the state." The amended definition remains substantially the same, but now includes the additional language "which is supported with tax funds." Legislative history indicates an intent to extend applicability of the cash-basis law to entities merely supported by tax funds. In this way, many instrumentalities of taxing subdivisions become subject to the same cash-basis law applicable to their parent body. See Minutes, Senate Committee on Local Government, discussion of H.B. 2565, March 22, 1994. Conservation districts are largely, if not entirely, supported by tax funds. See K.S.A. 2-1907b. Thus, it is reasonable to conclude that such districts now fall within the ambit of the cash-basis law.
The cash-basis law provides for the funding and payment of all legal debts and obligations on a cash basis, thus preventing a fiscal year end deficit in the funds of a municipality. K.S.A. 10-1102. Greenlee v.Board of Clay County Commissioners, 241 Kan. 802, 807 (1987). The cash-basis law generally prohibits certain public bodies from entering into or incurring monetary obligations which extend beyond a current budget. K.S.A. 10-1116b allows some lease-purchase agreements if the specific language and provisions mandated by K.S.A. 10-1116b and 10-1116c
are included within the agreement. See also Attorney General Opinions No. 94-153, 89-16, 89-135, and 85-167.
However, before determining if K.S.A. 10-1116b allows a conservation district to enter into an appropriate lease-purchase agreement, we must first review whether the new definition of municipality in the cash-basis law repeals or otherwise changes the provisions of K.S.A. 2-1908(l). This subsection prohibits conservation districts from entering into certain agreements:
 "[T]he supervisors of any district shall not contract debts or obligations in the name of the district beyond current appropriation made available to the district by the committee or federal grants or other financial sources. . . ."
You ask that we compare this provision to subsection (e) of the same statute, which provides the district with the corporate power:
 "[T]o obtain options upon and to acquire by purchase, exchange, lease, gift, grant, bequest, devise or otherwise, any property real or personal, or rights or interests therein; to maintain, administer, and improve any properties and to expend all income in carrying out the purposes and provisions of this act; and to sell, lease, or otherwise dispose of any of its property or interests therein in furtherance of the purposes of this act." (Emphasis added).
The general purpose of the act is set forth at K.S.A. 2-1902 and evidences an attempt to properly preserve, develope, and use soil and water resources within the state.
In reading the several laws together it is helpful to first review court created rules concerning statutory construction and interpretation. Several of these rules appear applicable to the issues you present.
It is presumed that the legislature acts with full knowledge and information concerning prior law and decisions on that law. State v.Martinez, 255 Kan. 464 (1994). When statutes are in the same act and concern the same matter, they are considered in pari materia. Claflinv. Walsh, 212 Kan. 1 (1973). Statutes in pari materia must be read and construed together, and must be interpreted (wherever possible) in harmony to the end that all may be given full force and effect. GuardianTitle Co. v. Bell, 248 Kan. 146 (1991). Various provisions of statutes inpari materia must be considered together with a view toward reconciling and bringing them into workable harmony, if it is reasonably possible to do so. State v. Classen, 242 Kan. 192 (1987).
When statutes cannot be read in harmony, and there is a direct irreconcilable conflict between them, it must be determined whether one takes precedence over the other, or whether there has been an implied repeal of the older statute. Generally, repeals by implication are not favored and will be held not to exist if there is any other reasonable construction. Stevens v. Biddle, 298 F. Supp. 209 (C.C.A. 8 Kan. 1924). Stated another way, statutes will not be held to have been repealed by implication unless the later enactment is so repugnant to the provisions of the first act that both cannot be given force and effect. Hainline v.Bond, 250 Kan. 217 (1992).
With these statutory construction rules in mind, we examine and compare the provisions of K.S.A. 2-1908(e) and (l), K.S.A. 1995 Supp. 10-1101, and K.S.A. 10-1116b.
It is clear from the language of K.S.A. 2-1908(l) that the legislature has prohibited conservation districts from committing or obligating the district to pay funds outside of a current budget. However, K.S.A.2-2908(e) permits the district to enter into leases of or for property. In keeping with the rules concerning statutes in pari materia, it is possible to read these two provisions in harmony. A conservation district may enter into a lease or purchase agreement if such an agreement does not commit funds outside a current budget year.
Like K.S.A. 2-1908(l), the cash-basis law also prohibits contracting debt beyond a current budget. K.S.A. 2-1908(e) permits a conservation district to lease or purchase property. K.S.A. 10-1116b, allows entities subject to the cash-basis law to enter into lease-purchase agreements. However, prerequisite language must be present:
 "Nothing in the provisions of K.S.A. 10-1101 et seq., and amendments thereto, shall prohibit a municipality from entering into (1) an agreement to pay for electric interconnection or transmission facilities or services, (2) a lease agreement, without option to buy, or (3) a lease-purchase agreement, if any such agreements specifically state that the municipality is obligated only to pay periodic payments or monthly installments under the agreement as may be lawfully made from (a) funds budgeted and appropriated for that purpose during such municipality's current budget year or (b) funds made available from any lawfully operated revenue producing source. . . ." (Emphasis added).
As discussed in Attorney General Opinions No. 82-46 and 85-167, K.S.A.10-1116b permits governing bodies of municipalities subject to the cash-basis law to enter into agreements which provide for periodic payments or monthly installments, but only if the above language is included. The impact of this language results in an agreement which does not obligate the municipality to make payments beyond the current budget year.
In keeping with the statutory construction rules set forth herein, we believe it is possible to reconcile and harmoniously read together these different acts. It is our opinion that a conservation district is a municipality subject to the cash-basis law under the new definition contained in K.S.A. 1995 Supp. 10-1101(a). Such a district may therefore utilize the provisions of K.S.A. 2-1908(e) and K.S.A. 10-1116b to enter into a lease-purchase agreement if the agreement clearly contains the language required by the cash basis law and does not otherwise violate the restrictions still in place under K.S.A. 2-1908(l). A properly worded lease-purchase agreement, containing the language and limitations set forth in K.S.A. 10-1116b and 10-1116c, does not create a debt obligation exceeding the current budget year.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Theresa Marcel Nuckolls Assistant Attorney General
CJS:JLM:TMN:jm