(982 P.2d 993)
No. 80,752

MARK LOAR, *Appellant*, v. DIANA E. ROLETTO and JOE S. HINTON, *Appellees.*

Opinion filed June 25, 1999.

*Charles Gentry*, of Short, Gentry & Bishop, P.A., of Fort Scott, for appellant.

*Zackery E. Reynolds*, of The Reynolds Law Firm, P.A., of Fort Scott, for appellee Hinton.

No appearance for appellee Roletto.

Before BRAZIL, C.J., KNUDSON, J., and JACKSON, S.J.

JACKSON, J.: This is a personal injury action arising from an automobile accident. The trial court dismissed plaintiff's claim against the vehicle owner, finding that a violation of the Kansas Automobile Injury Reparations Act (KAIRA), K.S.A. 40-3101 *et seq.*, did not give rise to a private cause of action. This appears to be a case of first impression in Kansas.

The sole question presented in this appeal is: Did the trial court err in concluding the KAIRA does not give rise to a private cause of action and in dismissing Loar's petition for failure to state a claim of relief as a matter of law?

After reviewing the record and the briefs of counsel, we conclude that the trial court was correct, and we affirm.

The facts are that in May 1997, Loar was riding in a vehicle driven by Diana Roletto but owned by Joe Hinton. An accident occurred, and Loar was injured. At the time of the accident, the vehicle was not insured, as required by K.S.A. 1998 Supp. 40-3104.

Loar filed a petition against Roletto and Hinton, alleging Roletto had been negligent in her operation of the vehicle and alleging Hinton had failed to procure the vehicle insurance required by

K.S.A. 1998 Supp. 40-3104. Roletto failed to answer the petition, and a default judgment was entered against her in the requested amount of $27,959.04.

Hinton filed a motion to dismiss the plaintiff's petition in accordance with K.S.A. 60-212(b)(6), asserting that it failed to state a claim upon which relief can be granted as a matter of law. The motion to dismiss argued that the petition did not allege Hinton was negligent and that the KAIRA does not create a private cause of action upon which a civil suit can be maintained.

After a hearing, the trial judge agreed, and Hinton's motion to dismiss was granted.

The question Loar requests this court address is one of law, and this court's review is unlimited. See *Gillespie v. Seymour*, 250 Kan. 123, 129, 823 P.2d 782 (1991).

In deciding this question,

"the test . . . is whether the legislature intended to give such a right. In the absence of express provisions, the legislative intent to grant or withhold such a right is determined primarily from the language of the statute. The nature of the evil sought to be remedied and the purpose the statute was intended to accomplish may also be taken into consideration." *Kansas State Bank & Tr. Co. v. Specialized Transportation Services, Inc.*, 249 Kan. 348, 371, 819 P.2d 587 (1991).

Furthermore, "a statute which does not purport to establish a civil liability but merely makes provision to secure the safety or welfare of the public as an entity is not subject to construction establishing a civil liability." *Greenlee v. Board of Clay County Comm'rs*, 241 Kan. 802, 804, 740 P.2d 606 (1987).

The purpose of the KAIRA is "to provide a means of compensating persons promptly for accidental bodily injury arising out of the ownership, operation, maintenance or use of motor vehicles in lieu of liability for damages to the extent provided herein." K.S.A. 40-3102. This provision has been described as the heart of the KAIRA. It provides a new approach for compensating accident victims " 'on the basis of the interest of all the citizens of this state without losing sight of, but tempering, the right of an individual to pursue traditional remedies in tort.' " *Burriss v. Northern Assurance Co. of America*, 236 Kan. 326, 328, 691 P.2d 10 (1984) (quoting *Manzanares v. Bell*, 214 Kan. 589, 608, 522 P.2d 1291 [1974]).

The purpose of the KAIRA is to provide a particular compensation scheme for Kansas citizens involved in vehicular accidents, to be used in lieu of traditional tort remedies. This purpose does not encompass an individual cause of action based on failure to comply with a particular provision of the Act. Furthermore, the KAIRA provides this compensation scheme for the benefit of the public as a whole and not a particular class of individuals.

In addition, the KAIRA makes the failure to comply with certain provisions a criminal offense. See K.S.A. 1998 Supp. 40-3104(g)(1)-(2). The KAIRA further provides that in certain circumstances, the Secretary of Revenue may suspend the license of a noncomplying driver. K.S.A. 1998 Supp. 40-3104(h). The legislature has thoroughly addressed the remedies for violating the KAIRA. The absence of a provision securing a private cause of action appears to be intentional. See *Greenlee v. Board of Clay County Comm'rs*, 241 Kan. at 808 (finding this reasoning persuasive in determining the cash-basis and budget laws did not provide a private cause of action).

The KAIRA was created in 1974. K.S.A. 40-3101. There have been many opportunities since then for the legislature to add a provision creating a private cause of action under this Act, yet it has not. See *Kansas State Bank & Tr. Co.*, 249 Kan. at 373 (finding this fact persuasive in concluding the child abuse reporting statute did not provide a private cause of action). As the Supreme Court said: "Legislative creation, rather than judicial creation, is a persuasive policy argument." 249 Kan. at 372.

We have reviewed the several cases cited in Loar's brief in support of his contention that violation of the statute in question gives rise to a private cause of action. Cases are cited involving handrails, regulation of trucks, building code violations, and erection of fences around swimming pools. These cases do not stand for the proposition that the violation of a statute or ordinance alone gives rise to a private cause of action.

It was not the specific violation of the ordinance or statute which served as the basis for the cause of action; rather, the violation of the statute or ordinance was simply evidence of fault in proof of a tort claim. This is to be contrasted with the instant case, where it

is the violation of the statute itself which is alleged to be actionable. Certainly, the claimed violation of the statute was not the proximate cause of Loar's injuries.

For the foregoing reasons, the judgment of the trial court is affirmed.