**Maxine SHORT, Robert Stephen Short, and Lawrence Mark Short, Plaintiffs,**

v.

**ULTRAMAR DIAMOND SHAMROCK and Total Petroleum, Inc., successors in interest to Total Petroleum, Inc. and Pacer Oil Company, Inc., Defendants.**

No. Civ.A. 98–2137–GTV.

United States District Court, D. Kansas.

April 22, 1999.

Elizabeth D. Badger, Steven J Boyd, Jacqueline J. McCoy, Badger & Levings, L.C., Kansas City, MO, for plaintiffs.

Leonard J. Johnson, Brian A. Mark, Morrison & Hecker L.L.P., Kansas City, MO, for defendants.

### *MEMORANDUM AND ORDER*

VanBEBBER, Chief Judge.

Plaintiffs filed this action against defendants seeking recovery for damages arising out of defendants' alleged contamination of plaintiffs' real property. The case comes before the court on motions of defendant Total Petroleum, Inc. ("TPI") to dismiss (Docs. 7 and 36) Count V of plaintiffs' original Complaint and First Amended Complaint. Because plaintiffs filed an amended complaint on January 26, 1999, TPI's motion to dismiss Count V of plaintiffs' original Complaint (Doc. 7) is denied as moot. For the reasons set forth below, TPI's motion to dismiss Count V of plaintiffs' First Amended Complaint (Doc. 36) is granted.

## I. MOTION TO DISMISS STANDARDS

TPI's motions to dismiss are brought pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiffs are unable to prove any set of facts entitling them to relief under their theory of recovery. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiffs, and the pleadings must be liberally construed. *See id.;* Fed.R.Civ.P. 8(f). The issue in reviewing the sufficiency of a complaint is not whether the plaintiffs will prevail, but whether the plaintiffs are entitled to offer evidence to support their claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds, Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

## II. DISCUSSION

Defendants leased and occupied real property owned by plaintiffs. Plaintiffs' First Amended Complaint alleges that defendants left the property contaminated, polluted, in disrepair, and subject to a consent agreement with the Kansas Department of Health and Environment.

### A. Federal Statute

In Count V of the First Amended Complaint, plaintiffs allege that TPI's violations of various provisions of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6901 *et seq.,* constitute negligence per se. Defendants seek to dismiss Count V because the RCRA does not provide plaintiffs with a private cause of action. The court agrees.

■ To recover under the theory of negligence per se, plaintiffs must establish that TPI (1) violated a statute, ordinance or regulation, and (2) that the violation caused plaintiffs' damages. *See Rollo v. City of Kansas City, Kansas,* 857 F.Supp. 1441, 1447 (D.Kan.1994); *Plains Transport of Kansas, Inc. v. King,* 224 Kan. 17, 25, 578 P.2d 1095, 1101 (1978). Violation of the ordinance alone, however, is insufficient to establish negligence per se. *See Kerns v. G.A.C., Inc.,* 255 Kan. 264, 281, 875 P.2d 949, 962 (1994). Plaintiffs must also "establish that an individual right of action for injury arising out of the violation was intended by the legislative body that passed the ordinance." *Id.* In determining whether an individual right exists, the court determines whether the statute creates a duty to individuals, or conversely if the statute was enacted to protect the public at large. *See Rollo,* 857 F.Supp. at 1447 (citing *Schlobohm v. United Parcel Serv., Inc.,* 248 Kan. 122, 125, 804 P.2d 978, 980 (1991)). The court, therefore, examines whether the provisions of the RCRA are intended to protect the public at large or to provide individual protection, thereby creating a private cause of action for plaintiffs.

The primary purpose of the RCRA is to "reduce the generation of hazardous waste and to ensure the proper treatment, storage, and disposal of that waste which is nonetheless generated, 'so as to minimize the present and future threat to human health and the environment.' " *Meghrig v. KFC Western, Inc.,* 516 U.S. 479, 483, 116 S.Ct. 1251, 134 L.Ed.2d 121 (1996) (quoting 42 U.S.C. § 6902(b)). The RCRA "was enacted to protect the public from soil and water contamination, not to protect a certain class of persons seeking to recover monetary damages." *325–343 E. 56th Street Corp. v. Mobil Oil Corp.,* 906 F.Supp. 669, 688 (D.D.C.1995). Courts have been "especially reluctant to imply causes of actions under statutes that create duties on the part of persons for the benefit of the public at large." *Chemical Weapons Working Group, Inc. v. United*

*States Dept. of the Army,* 111 F.3d 1485, 1494 (10th Cir.1997) (quoting *Cannon v. University of Chicago,* 441 U.S. 677, 693 n. 13, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979))..

 While injunctive relief is available under the RCRA, 42 U.S.C. § 6972(a)(1)(B), the statute does not provide plaintiffs with a private action for damages. The injunctive relief provision of section 6972(a) permits citizen suits, in some circumstances, to enforce the provisions of the RCRA, thereby aiding in the protection of the environment along with federal and state agencies. *See Meghrig,* 516 U.S. at 483–484, 116 S.Ct. 1251; *Mobil Oil Corp.,* 906 F.Supp. at 685. Contrary to plaintiffs' assertion, this provision does not establish a private cause of action for damages, which is necessary to maintain an action for negligence per se. Plaintiffs cannot use the theory of negligence per se to bootstrap a private cause of action for damages when one is not provided for by the RCRA. Accordingly, the court concludes that plaintiffs' negligence per se claim for violations of 42 U.S.C. §§ 6901, *et seq.* should be dismissed.

*B. State Statute*

Count V of plaintiffs' First Amended Complaint also alleges that TPI's violations of K.S.A. § 65–3441, a section of the Kansas Solid and Hazardous Waste Act ("KSHWA"), constitute negligence per se. Similar to plaintiffs' negligence per se claim under the RCRA, the court concludes that the KSHWA does not have the specific purpose of protecting a particular class of people. The purpose of the KSHWA is to establish a statewide solid waste management program for the "protection of the health and welfare of the citizens of Kansas." K.S.A. § 65–3401; *See also, Uhl v. Ness City, Kansas,* 406 F.Supp. 1012, 1013 (D.Kan.1975); *Donnelly v. City of Eureka, Kansas,* 399 F.Supp. 64, 65 (D.Kan.1975). None of the KSHWA provisions provide plaintiffs with a private cause of action. Accordingly, plaintiffs'

negligence per se claim for violations of K.S.A. § 65–3441 should be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED that TPI's motion to dismiss Count V of Plaintiffs' original Complaint (Doc. 7) is denied as moot, and TPI's motion to dismiss Count V of Plaintiffs' First Amended Complaint (Doc. 36) is granted. Count V is therefore dismissed with respect to defendant TPI.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**