COASTLINE TERMINALS
OF CONNECTICUT,
INC., Plaintiff,

v.

USX CORPORATION, Defendant,

v.

NORTHEAST WASTE SYSTEMS, INC.
et. al., Third Party Defendants.

No. 3:00CV1698(WWE).

United States District Court,
D. Connecticut.

July 11, 2001.

David J. Monz, Joseph A. Rosenthal, Updike, Kelly & Spellacy, P.C., New Haven, CT, for Coastline Terminals of Connecticut.

Brian P. Daniels, John R. Bashaw, Rowena Amanda Moffett, Brenner, Saltzman & Wallman, New Haven, CT, for USX Corporation.

Gian-Matthew Ranelli, Shipman & Goodwin, Hartford, CT, for Northeast Waste Systems, Inc.

Joseph P. Williams, Gian-Matthew Ranelli, Shipman & Goodwin, Hartford, CT, for Waste Management of Connecticut, Inc.

Eric Lukingbeal, Richard Michael Fil, Robinson & Cole, Hartford, CT, for FPS Harbour Holdings, Inc.

Ann Marie Catino, Lori D. DiBella, Halloran & Sage, Hartford, CT, for Blakeslee Arpaia Chapman, Inc.

Lewis K. Wise, Rogin, Nassau, Caplan, Lassman & Hirtle, Hartford, CT, for White Oak Corp.

Alan G. Schwartz, Wiggin & Dana, New Haven, CT, David J. Monz, Joseph A. Rosenthal, Updike, Kelly & Spellacy, P.C., New Haven, CT, for New Haven Terminal, Inc.

Christopher P. McCormack, Matthew A. Sokol, Tyler, Cooper & Alcorn, New Haven, CT, for Logistec Connecticut, Inc.

### RULING ON MOTION TO DISMISS

EGINTON, Senior District Judge.

In this case, plaintiff Coastline Terminals of Connecticut alleges that defendant USX Corporation is liable for environmental contamination pursuant to the federal Comprehensive Environmental Response, Compensation and Liability Act ["CERCLA"], 42 U.S.C. §§ 9601 *et seq.*, Connecticut General Statute Section 22a–452, and common law negligence. Specifically, plaintiff seeks response costs pursuant to Section 107(a) of CERCLA (count one), contribution pursuant to Section 113(f) of CERCLA (count two), reimbursement pursuant to Connecticut General Statutes Section 22a–452 (count three), and damages as compensation for defendant's negligence (counts four and five).

Defendant USX moves for dismissal of plaintiff's complaint in its entirety. For the following reasons, defendant's motion to dismiss will be denied in part and granted in part.

### BACKGROUND

For purposes of ruling on this motion to dismiss, the Court recites the following factual background taking the allegations made in the complaint as true.

Plaintiff Coastline Terminals of Connecticut is a Connecticut corporation with its principal place of business in New Haven, Connecticut.

Defendant USX Corporation is the corporate successor of United States Steel Corporation. The affiliates and predecessors of U.S. Steel include United States Steel Company and American Steel & Wire Company of New Jersey.

The property that is the subject of this suit is a site composed of two irregularly-shaped parcels totaling approximately 34.71 acres located adjacent to the Quinnipiac River in New Haven, Connecticut. Parcel one comprises approximately 33.02 acres, while parcel two comprises 1.69 acres.

U.S. Steel and/or its affiliates and predecessors in interest owned parcel one from 1923 until 1983, and operated the site as a steel wire, rope and strand plant, using such hazardous materials as solvents, corrosives and ignitibles in the manufacturing process.

U.S. Steel and/or its affiliates and predecessors in interest installed underground storage tanks and a concrete vault at the site, which resulted in the release of hazardous wastes, chemicals, oil and petroleum products into the soil and groundwater.

In July, 1996, Coastline purchased the property from New Haven Terminals ["NHT"]. Since that date, Coastline has expended efforts to mitigate the effects of the contamination.

This litigation ensued.

### DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir.1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### CERCLA Liability

USX argues that Coastline has waived its right to institute a CERCLA action by virtue of plaintiff's mandatory filing pursuant to the Connecticut Transfer Act, Connecticut General Statutes Section 22a–134 *et seq.* USX also contends that certain statements made in NHT's bankruptcy plan constitute a waiver of Coastline's CERCLA action against USX.

Prior to the transfer of real property contaminated by hazardous waste such as the site at issue here, Connecticut's Transfer Act requires submission of one of four forms to the Connecticut Department of Environmental Protection. Form I attests to the absence of contamination; Form II indicates that remediation has already occurred and is complete; Form III is a written certification that states that the property has been contaminated by hazardous waste, that the environmental condition of the site is unknown, and that the certifying party agrees to investigate and remediate the parcel; and Form IV is a written certification that remediation has taken place and that the certifying party will conduct postremediation monitoring or natural attenuation monitoring. Conn. Gen. Stat. § 22a–134.

When Coastline purchased the site from NHT in 1996, Coastline and NHT filed a Form III, with Coastline listed as the party certifying that it would investigate and remediate the contamination, if necessary. Pursuant to NHT's Second Amended Plan of Reorganization ["NHT's Bankruptcy Plan"], the site was purchased "as is" by Coastline.

In support of its contention that Coastline waived its CERCLA claims by virtue of the Form III filing and statements in NHT's Bankruptcy Plan, USX cites to *Southdown v. Allen,* 119 F.Supp.2d 1223 (N.D.Ala.2000). In *Southdown,* a former owner of a hazardous waste recycling facility sought reimbursement of environmental clean up costs from the facility's customers. The district court held that plaintiff's CERCLA claim was barred by an agreement wherein the former owner had agreed to remediate the property at its "sole expense" and to indemnify the purchaser of the property.

The court construed the former owner's agreement to bear the "sole expense" of remediating the property as a waiver of its rights pursuant to CERCLA, reasoning, *inter alia,* that the purchaser could not have intended to allow CERCLA liability to be imposed on the clientele of the business, which result could have potentially devastated the business.

■■■■ The facts of *Southdown* distinguish it from the instant set of facts. Unlike the plaintiffs in *Southdown,* Coastline has not contracted to remediate the property at its "sole expense." Nor is there any indication that the transfer of the property to Coastline was made with expectation that Coastline alone would absorb the costs of remediation without remedy to receive contribution from other potentially responsible parties. Furthermore, a contract must unequivocally establish the clear transfer or release of CERCLA liabilities. *Southland Corp. v. Ashland Oil, Inc.,* 696 F.Supp. 994, 1002 (D.N.J.1988); *see also Int'l Clinical Labs. v. Stevens,* 710 F.Supp. 466, 470 (E.D.N.Y.1989)(rejecting argument that plaintiff's CERCLA action was barred by an "as is" term of contract). Accordingly, plaintiff has not waived its CERCLA claims against USX by virtue of either its Form III filing or the terms of NHT's Bankruptcy Plan.

■ USX argues further that Coastline's second count for contribution pursuant to CERCLA's Section 113(f) should be dismissed because Coastline has not alleged that it currently was or has been the subject of either a CERCLA Section 106 or 107 cost recovery action out of which its current CERCLA claim arises.

Section 113(f) of CERCLA provides, in relevant part:

Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607(a) of this title.... Nothing in this subsection should diminish the right of any person to bring an action for contribution in the absence of a civil action under section 9606 of this title or section 9607 of this title.

This court recognizes that cases from within other circuits support USX's argument that a CERCLA claim for contribution is barred where the plaintiff has not itself been threatened with liability. *See Aviall Services, Inc. v. Cooper Industries, Inc.,* 2000 WL 31730 (N.D.Tx.2000) and cases cited therein. However, Second Circuit authority indicates that the Court should hold otherwise. *Bedford Affiliates v. Sills,* 156 F.3d 416, 424 (2d Cir.1998).

*Bedford Affiliates* holds that potentially responsible parties precluded from bringing cost recovery claims pursuant to Section 107(a) may bring contribution actions pursuant to Section 113(f). Accordingly, the Court will deny the motion to dismiss on this count, and allow the plaintiff to assert a claim for contribution pursuant to Section 113(f), even if it is found to be precluded from recovery pursuant to Section 107(a). *See Thomson Precision Ball v. PSB Associates Liquidating,* 2001 WL 10507 (D.Conn.2001).

*Preemption of State Law Claims*

■ USX contends that Coastline's state statutory and common law claims are preempted by CERCLA. Plaintiff counters that its state law claims are not preempted by CERCLA because it is seeking damages covered by CERLCA.

■ CERCLA does not represent a comprehensive regulatory scheme occupying the entire field of hazardous wastes, nor does CERCLA prevent the states from enacting supplementary law to federal legislation concerning environmental clean up.

However, with the enactment of Section 113(f), Congress created a statutory settlement scheme, which provides incentives for potentially responsible parties to settle. Such incentives include protection to a settling party from contribution actions by non-settling entities, and the ability of settling parties to seek contribution from non-settling defendants. 42 U.S.C. § 9613(f)(2). Thus, non-settling responsible parties may be assessed with disproportionate liability as they are barred from seeking contribution from settling parties.

According to *Bedford Affiliates,* state law remedies that enable a party to bypass the incentives of CERCLA's settlement scheme are in conflict with the accomplishment and execution of CERCLA, and are thereby preempted. *See Hines v. Davidowitz,* 312 U.S. 52, 67, 61 S.Ct. 399, 85 L.Ed. 581 (1941)(conflict preemption occurs where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress). Here, Coastline's state law actions pursuant to Connecticut General Statutes Section 22a–452 and common law negligence related to hazardous waste releases disrupts CERCLA's settlement incentive scheme by providing a potential avenue for recovery against a potentially responsible party that has settled a CERCLA action.

Accordingly, the state law claims based on allegations of hazardous waste releases are preempted.

■ At the same time, CERCLA specifically excludes from coverage damages related to petroleum contamination. 42 U.S.C. § 9601(33). Thus, Coastline's state law claims related to allegations of petroleum releases are not preempted by CERCLA. *Volunteers of America of Western New York v. Gordon,* 90 F.Supp.2d 252, 258 (W.D.N.Y.2000).

*Connecticut General Statutes Section 22a–452*

■ USX urges the Court to dismiss Coastline's claim pursuant to Section 22a–452 of the Connecticut General Statutes. USX argues that allegations of negligence are essential to a Section 22a–452 claim, and that Coastline cannot establish a claim of negligence as a matter of law due to the common law doctrine of caveat emptor.[1] Specifically, USX asserts that Coastline cannot plead the existence of any duty held by USX, a former owner that did not transfer the site to Coastline. Coastline counters that allegations of negligence are not essential to a Section 22a–452 claim.

Section 22a–452 provides, in relevant part:

> Any person, firm, corporation or municipality which contains or removes or otherwise mitigates the effects of oil or petroleum...resulting from any discharge, spillage, uncontrolled loss, seepage or filtration of such substance or material or waste shall be entitled to reimbursement from any person, firm or corporation for the reasonable costs expended for such containment, removal, or mitigation, if such oil or petroleum or

chemical liquids or solid, liquid or gaseous products or hazardous wastes pollution or contamination or other emergency resulted from the negligence or other actions of such person, firm or corporation....

■ A plaintiff must allege causation and culpability to establish a Section 22a–452 claim. *Connecticut Resources Authority v. Refuse Gardens, Inc.,* 43 Conn.Supp. 83, 90, 642 A.2d 762 (1993), *aff'd,* 229 Conn. 455, 642 A.2d 697 (1994).

■ This Court agrees that application of the caveat emptor doctrine undercuts the plain meaning of the statute to create a private right of action for "any person" incurring clean up as a result of environmental contamination against responsible parties. *French Putnam LLC v. County Environmental Services,* 2000 WL 1172341, *25 (Ct.Super.2000); *see also ABB Industrial Systems v. Prime Technology, Inc.,* 120 F.3d 351, 360 (2d Cir. 1997)("The Connecticut Supreme Court has indicated that the doctrine of caveat emptor generally bars common law negligence claims but does not bar claims under section 22a–452(a).").

Here, Coastline has sufficiently alleged culpability and causation to establish a claim pursuant to Section 22a–452. The motion to dismiss will be denied on this basis.

*Negligence*

USX argues further that the doctrine of caveat emptor precludes Coastline from maintaining its action for negligence. Coastline counters that it established an exception to the doctrine of caveat emptor by alleging that it is an innocent owner.

---

1. According to the doctrine of caveat emptor, a purchaser is expected to make his own examination and draw his own conclusions as to the condition of the land; and the vendor is, in general, not liable for any harm resulting to him or others from any defects existing at the time of the transfer. *Farrah v. Acker,* 1998 WL 310804, *1 (Conn.Super.1998).

Connecticut state courts have departed from the strict application of the doctrine of caveat emptor, carving out an exception where a purchaser could not be expected to discover a condition upon reasonable inspection. *Cadlerock Properties v. Schilberg,* 2000 WL 268548 (Conn.Super.2000). *But see Wiehl v. Dictaphone Co.,* 1998 WL 70585 (Conn.Super.1998)(applying the doctrine of caveat emptor). This Court has also held that an exception to the doctrine of caveat emptor applies where plaintiffs pleaded that they conducted a reasonable investigation of the site that did not reveal the existence of the contamination; and that the defendants knew or should have known of the site contamination. *Nielsen v. Sioux Tools, Inc.,* 870 F.Supp. 435, 443 fn. 12 (D.Conn.1994).

 In this instance, Coastline's allegation that it is an innocent owner does not alone establish the requisite elements of the exception to the doctrine of caveat emptor. Even construed most favorably to the plaintiff, the complaint does not contain allegations that Coastline conducted a reasonable investigation of the site, which inspection did not reveal the existence of the contamination. Accordingly, the Court will dismiss the negligence count without prejudice. The Court will permit Coastline to replead its negligence action pertaining to the alleged petroleum releases in order to allege the elements of the exception to the doctrine of caveat emptor.

*Negligence Per Se*

USX asserts that Coastline's fifth count based on negligence *per se* must be dismissed. USX argues that the Connecticut Water Pollution Control Act ("CWPCA") and the Resource Conservation and Recovery Act ("RCRA") do not support a negligence *per se* cause of action, and in the alternative, Coastline is not within the class of entities entitled to bring a negligence *per se* action based on the CWPCA and RCRA.

 Under general principles of tort law, a requirement imposed by statute may establish a duty of care. *See Commercial Union Ins. v. Frank Perrotti & Sons, Inc.* 20 Conn.App. 253, 260, 566 A.2d 431 (1989)(a municipal ordinance requiring separation of combustible materials from other trash could supply the standard of care in negligent disposal of flammable fuel claim). Violations of statutory standards may form the basis of a claim of negligence *per se* if the plaintiff is within the class of persons whom the statute was intended to protect and if the harm was of the type the enactment was intended to prevent. *Gore v. People's Savings Bank,* 235 Conn. 360, 375–76, 665 A.2d 1341 (1995). The statutory basis for a negligence *per se* claim need not provide for a private right of action. *See Walker v. Barrett,* 1999 WL 1063189(Conn.Super.1999).

 In accordance with this Court's holding in *Caprio v. Upjohn,* 148 F.Supp.2d 168 (D.Conn.2001) and the Connecticut superior court decisions cited therein, a negligence *per se* action may be maintained based on violation of the CWPCA.

 However, federal precedent favors dismissal of Coastline's negligence *per se* action based on RCRA. *See Short v. Ultramar Diamond,* 46 F.Supp.2d 1199, 1200(D.Kan.1999). RCRA provides that injunctive relief may be sought through a citizen suit against any person alleged to be in violation of the statute, but the statute does not allow for recovery of damages. Therefore, allowance of a negligence *per se* action based on violation of RCRA would contravene the clear legislative intent of the statute not to allow for

damages based on violation of its provisions.

USX argues next that Coastline cannot maintain its negligence *per se* action based on violation of the CWPCA because Coastline is not among the class of persons to whom such protection should extend. USX maintains that Coastline, as a subsequent purchaser at least ·once removed from U.S. Steel, had an opportunity · to protect itself before voluntarily purchasing the site, and that the alleged harm to Coastline from any conduct of U.S. Steel was not reasonably foreseeable.

■■■■ An injured party must prove duty, breach, proximate cause and damages in order to establish a negligence *per se* action. *Shritah v. Stop & Shop Cos., Inc.,* 54 Conn.App. 273, 275, 734 A.2d 1035 (1999). Thus, Coastline's complaint must either allege that it was owed a duty by U.S. Steel, the predecessor to USX, or that it is within the exception to the doctrine of caveat emptor. Consistent with its previous discussion above relevant to the doctrine of caveat emptor, the Court will dismiss Coastline's negligence *per se* action without prejudice subject to repleading the essential elements of the exception to the doctrine of caveat emptor.

### Punitive Damages

USX urges dismissal of Coastline's request for punitive damages, arguing that none of plaintiff's causes of action· afford the plaintiff such relief. Coastline's opposition does not contest · USX's argument. Accordingly, Coastline's request for punitive damages will be dismissed.

### Attorneys' Fees

■■■ USX argues further that Coastline has not alleged a cause of action that allows for recovery of attorneys' fees. Coastline responds that CERCLA authorizes certain attorneys' fees that are di-

rectly related to advancing the remediation efforts. *Key Tronic Corp. v. United States,* 511 U.S. 809, 820, 114 S.Ct. 1960, 128 L.Ed.2d 797 (1994).

■■■ *Key Tronic* instructs that CERCLA does not authorize attorneys' fees associated with litigating a private party's cost recovery action. However, attorneys' fees are recoverable for legal work that is so closely tied to the actual clean up that it constitutes a necessary response cost.

As USX points out, Coastline's complaint requests this Court to award "its cost and fees in this action, including attorneys' fees." The Court will not allow the recovery of attorneys' fees based on litigation of its cost recovery action. However, construed most favorably to the plaintiff, the complaint alleges that plaintiff seeks recovery of attorneys' fees relevant to remediation efforts. For purposes of clarification, the Court instructs Coastline to amend the complaint to specify that it seeks recovery of attorneys' fees related to remediation efforts of the hazardous waste and the petroleum clean up pursuant to CERCLA and Connecticut General Statutes Section 22a–452.

### CONCLUSION

For the foregoing reasons, the· defendant's motion to dismiss [doc. # 14] is DENIED in part, and GRANTED in part.

Count four is dismissed without prejudice subject to repleading consistent with this Ruling.

The allegations of negligence *per se* based on violation of RCRA stated in count five are dismissed with prejudice. The allegations of negligence *per se* based on violation of the CWPCA are dismissed without prejudice subject to repleading consistent with this Ruling.

Plaintiff's request for punitive damages is dismissed.

Plaintiff is instructed to amend its request for attorneys' fees consistent with this Ruling.

Plaintiff has fifteen days from the filing date of this Ruling to amend the complaint as instructed herein.

So Ordered.