EMILIO M. GARZA, Circuit Judge,
with whom JERRY E. SMITH and RHESA HAWKINS BARKSDALE, Circuit Judges, join, dissenting:
The majority opinion holds that a party may bring an action for contribution under § 113(f)(1) of the Comprehensive Environmental Response, Compensation, and Liability Act (“CERCLA”), 42 U.S.C. § 9613(f)(1)[1], without being subject to a prior or pending § 106 or § 107 action. Because the majority’s holding cannot be reconciled with the text or structure of the statute, I dissent.
The majority acknowledges the tenuous nature of its textual analysis by characterizing § 113(f)(1) as a provision whose “syntax is confused, its grammar inexact and its relationship to other CERCLA provisions ambiguous.” The text is not so opaque as the majority opinion asserts.
The first sentence of § 113(f)(1) provides: “[a]ny person may seek contribution from any other person who is liable or potentially liable under [§ 107(a) ], during or following any civil action under [§ 106] or under [§ 107(a)].” 42 U.S.C. § 9613(f)(1) (emphasis added). The majority opinion reasons that the word “may” implies that contribution suits are permitted during the pendency of a § 106 or § 107 cost recovery action, but that a § 106 or § 107 action is not a prerequisite *692 to a contribution suit. This analysis is problematic. The inclusion of the word “may” in an enabling provision generally establishes an exclusive cause of action. See Resolution Trust Corp. v. Miramon, 22 F.3d 1357, 1361 (5th Cir.1994) (holding that the word “may,” when included as part of an enabling provision, implies an exclusive cause of action); see also Web-steR Third New International Dictionary 1396 (3d ed.1993) (defining “may” as “shall” or “must” “esp[ecially] in deeds, contracts, and statutes”). Thus, the word “may” in the first sentence of § 113(f)(1), the enabling provision, establishes that contribution suits must be brought “during or following” a civil action under § 106 or § 107.
The phrase “during or following” also indicates that § 113(f)(1) is available only after a primary cost recovery action commences. This phrase serves two purposes. First, it reflects the general legal proposition that contribution actions do not require the execution of a final judgment before they can be brought. See Restatement (Seoond) of Torts § 886A(1) (1977) (“[W]hen two or more persons become liable in tort to the same person for the same harm, there is a right of. contribution among them, even though judgment has not been recovered against all or any of them.”(emphasis added)). Second, the phrase “during or following” imposes a limitation on the timing of CERCLA contribution suits. Section 113(f)(1) requires, as its language suggests, that an initial cost recovery action commence before a contribution claim can proceed.[2]
Despite the limiting language in § 113(f)(l)’s enabling clause, the majority opinion concludes that the provision authorizes a party to sue for contribution in any circumstance. To justify this conclusion, the majority opinion focuses on the last sentence of § 113(f)(1) the savings clause.[3] However, this clause does not authorize contribution actions under any and all circumstances. Section 113(f)(l)’s savings clause, like CERCLA’s general savings clause, is best interpreted as expressly preserving state law causes of action.[4] When Congress meant to preserve both federal and state law causes of action, it said so explicitly. See 42 U.S.C. § 9652(d) (CERCLA’s general savings clause provides: “Nothing in this chapter shall affect or modify in any way the obligations or liabilities of any person under other Federal or State law, including common law, with respect to releases of hazardous substances or other pollutants or contami *693 nants”); see also PMC, Inc. v. Sherwin-Williams Co., 151 F.3d 610, 617 (7th Cir.1998) (“The purpose of CERCLA’s [general] savings clause is to preserve to victims of toxic wastes the other remedies they may have under federal or state law.”) (emphasis added).[5]
The practical effect of the majority opinion’s holding is that § 113(f)(l)’s savings clause overrides its enabling clause. In other words, the enabling clause does nothing more than provide an example of when a contribution action might be brought.[6] This conflicts with elementary canons of statutory construction. An enacting sentence containing limiting language cannot be trumped by a savings clause purporting to save all other possible causes of action. Rather, any “repugnancy between the savings clause and the purview does not make the enacting part void but operates to invalidate the savings clause.” 2A NoRman J. Singer, Statutes AND STATUTORY CONSTRUCTION § 47.12 (6th ed.2000). The majority opinion’s interpretation of the savings clause, however, renders the enabling clause inoperative. See Mountain States Tel. & Tel. Co. v. Pueblo of Santa Ana, 472 U.S. 237, 249, 105 S.Ct. 2587, 86 L.Ed.2d 168 (1985) (citing the “elementary canon of statutory construction that a statute should be interpreted so as not to render one part inoperative”).
It is also important to note that § 113(f)(1) does not create categories of liability, but rather relies on § 107(a)’s definition of liability and simply apportions costs among the liable parties. See, e.g., Sun Co., Inc. v. Browning-Ferris, Inc., 124 F.3d 1187, 1191 (10th Cir.1997) (stating that § 113 “is no more than a mechanism for apportioning CERCLA-defined costs,” and also noting that § 113 incorporates the liabilities set forth in § 107) (internal citations and quotations omitted). Prior to the passage of SARA, courts implied a contribution right from the language of § 107(a)(4)(B).[7] The overall *694 structure of CERCLA’s liability provisions demonstrates that § 113 is merely a subset of § 107, providing only for the allocation of CERCLA-defined liability. See Key Tronic Corp. v. United States, 511 U.S. 809, 814, 114 S.Ct. 1960, 128 L.Ed.2d 797 (1994) (“Section 107 sets forth the scope of the liabilities that may be imposed on private parties and the defenses that they may assert”).[8] Therefore, a § 113(f)(1) action should be contingent upon the commencement of a prior or pending cost recovery action under § 106 or § 107.
The structure of § 113 supports this interpretation. Section 113(g)(3), which sets out the applicable statute of limitations for contribution actions proceeding under § 113, suggests that a § 113(f)(1) action cannot proceed in the absence of an initial cost recovery action. This provision sets forth a three-year limitations period, which would begin to run following the date of judgment in a § 106 or § 107 action.[9] Significantly, the statute is silent as to the limitations period to be applied in the absence of a § 106 or § 107 civil action. Pursuant to the majority opinion’s interpretation of § 113(f)(1), courts would be required to derive from some other source the limitations period to apply in this instance. Some courts have attempted to do just that, adopting the limitations period for initial cost recovery actions under § 113(g)(2)[10] and applying it to contribution actions proceeding in the absence of a § 106 or § 107 action. See, e.g., Geraghty & Miller, Inc. v. Conoco, Inc., 234 F.3d 917, 924-25 (5th Cir.2000) (finding that if there is no prior § 107 action, a § 113(f)(1) contribution must be brought within six years); Sun Co., 124 F.3d at 1191-92 (same); United Techs. Corp. v. Browning-Ferris Indus., Inc., 33 F.3d 96, 103 (1st Cir.1994) (stating that a contribution action brought in the absence of an underlying § 106 or § 107 action must be brought within three years of the accrual of the right to contribution because contribution and initial cost-recovery actions are dis *695 tinct remedies). Such herculean efforts are unnecessary. Section 113(g)(3)(A) provides that no action for contribution may be commenced more than three years after “the date of judgment in any action under this chapter for recovery of such costs or damages.” 42 U.S.C. § 9613(g)(3)(A). There is no need to look outside of the contribution provisions in § 113(g)(3) to determine the appropriate limitations period.[11]
In sum, the plain language and statutory structure of CERCLA’s contribution provisions demonstrate that the contribution remedy in § 113(f)(1) requires a prior or pending § 106 of § 107 action.[12]
The majority opinion asserts that its interpretation of § 113(f)(1) is supported by existing precedent. However, the question presented here is one of first impression in the courts of appeals.[13] The *696 handful of district courts attempting a statutory analysis of § 113(f)(1) have reached differing conclusions.[14] Thus, the case law provides no clear guidance on the interpretation of § 113(f)(1).
The majority opinion supports its analysis by focusing on policy concerns. In particular, the majority opinion asserts that requiring the commencement of a § 106 or § 107 civil action before a § 113 contribution action can be brought undermines CERCLA’s goal of promoting prompt and effective clean-ups. The majority opinion’s policy justifications ultimately amount to an assertion that there are more effective means of promoting private clean-ups than by conditioning the availability of § 113(f)(1) on a prior federal action or judicially approved settlement. However, when a statute’s language and structure are clear, as in this case, it is unnecessary to consider such policy arguments. United States v. Ron Pair Enters., Inc., 489 U.S. 235, 240-41, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (“[A]s long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute.”). It is not our role to substitute our judgment for that of Con *697 gress when weighing the effectiveness of statutory provisions. Instead, we must adhere to the contribution scheme created by Congress.[15]
The text of § 113(f)(1) allows a contribution action only for those parties who are subject to a prior or pending § 106 or § 107 cost recovery action. I, therefore, respectfully dissent.

. Section 113(f)(1) provides:
Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607(a) of this title. Such claims shall be brought in accordance with this section and the Federal Rules of Civil Procedure, and shall be governed by Federal law. In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate. Nothing in this subsection shall diminish the right of any person to bring an action for contribution in the absence of a civil action under section 9606 of this title or section 9607 of this title.
42 U.S.C. § 9613(f)(1).

. As reflected in its amicus brief to this Court, the Department of Justice, the federal government entity charged with the enforcement of CERCLA, adopts this interpretation.

. The savings clause provides: "Nothing in this subsection shall diminish the right of any person to bring an action for contribution in the absence of a civil action under [§ 106] or [§ 107].” 42 U.S.C. § 9613(f)(1).

. Congress’s inclusion of the phrase "civil action” provides support for this interpretation. "Civil action,” as defined in the Federal Rules of Civil Procedure, has a specific meaning. Fed. R. Civ. P. 2 provides: "[t]here shall be one form of action to be known as a 'civil action.'” When § 113(f)(1) uses the term "civil action,” it is referring to an action brought in federal court. (Thus, § 113(f) permits contribution actions following an administrative remedial order only when the government files suit in federal court under § 106 to enforce the order.) This connection is further reinforced by § 113(f)(l)’s additional reference in the following sentence, which provides: “Such claims shall be brought in accordance with this section and the Federal Rules of Civil Procedure, and shall be governed by federal law.” 42 U.S.C. § 9613(f)(1). The savings clause, in contrast, references only an "action for contribution,” which, by the absence of the word "civil,” contemplates a proceeding in a non-federal forum, such as state court.

. Other circuit court decisions have held that the federal contribution right codified in § 113(f) preempts all state law contribution claims. See, e.g., PMC, Inc., 151 F.3d at 617-18 (holding § 113 preempts state law contribution actions); Bedford Affiliates v. Sills, 156 F.3d 416, 425-27 (2d Cir.1998) (finding that § 113 preempts state law restitution and indemnification actions); In re Reading Co., 115 F.3d 1111, 1117, 1119-20 (3d Cir.1997) (holding CERCLA preempts any state law contribution claims). These decisions do not conflict with the interpretation advanced in this dissent. Following the reasoning of these courts, if a party does not seek to utilize the federal contribution provisions, it is still free to proceed under state law.

. It is difficult to imagine that the drafters of § 113 deliberately included ambiguous language in the enabling clause, and then sought to clarify its meaning though the savings clause. Cf. Resolution Trust Corp. v. Gallagher, 10 F.3d 416, 420-21 (7th Cir.1993) (declining to interpret savings clause in FIRREA in a manner that would “swallow up the specific language” of the provision).

.CERCLA, as originally enacted, did not include an express contribution provision. Instead, courts implied a contribution right from language in § 107(a)(4)(B). See, e.g. Walls v. Waste Res. Corp., 761 F.2d 311, 318 (6th Cir.1985) ("Allowing a private action to recover response costs from responsible parties under [§ 107(a)(4)(B)] is thus consistent with both the language of [§ 107(a)(4)(B) ] and with the congressional purpose underlying CERCLA as a whole.”). In 1986, Congress, in an effort to expedite the clean-up of hazardous waste sites, passed the Superfund Amendments and Reauthorization Act (“SARA”). As part of SARA, Congress codified the right to contribution under CERCLA in the provisions set forth in § 113. See H.R. Rep. No. 99-253(1), at *78-79, reprinted in 1986 U.S.C.C.A.N. 2835, 2861 ("It has been held that, when joint and several liability is imposed under section 106 or 107 of the Act, a concomitant right of contribution exists under CERCLA .... [§ 113(f)] clarifies and confirms the right of a person held jointly and severally liable under CERCLA to seek contribution from other potentially liable parties.”).

. The majority opinion quotes language from Key Tronic, in which the Supreme Court observed that CERLCA, as amended by SARA, "now expressly authorizes a cause of action for contribution in § 113 and impliedly authorizes a similar and somewhat overlapping remedy in § 107.” Key Tronic, 511 U.S. at 816, 114 S.Ct. 1960. The Court did indeed acknowledge that both clauses provide parties with a way to recover clean-up costs. The Court did not find, however, that both clauses provide a way of allocating liability.

. Section 113(g)(3) provides:
No action for contribution for any response costs or damages may be commenced more than 3 years after-—
(A) the date of judgment in any action under this chapter for recovery of such costs or damages, or
(B) the date of an administrative order under section 9622(g) of this title (relating to de minimis settlements) or 9622(h) of this title (relating to cost recovery settlements) or entry of a judicially approved settlement with respect to such costs or damages.
42 U.S.C. § 9613(g)(3).

. Section 113(g)(2) provides:
An initial action for recovery of the costs referred to in section 9607 of this title must be commenced—
(A) for a removal action, within 3 years after completion of the removal action, except that such cost recovery action must be brought within 6 years after a determination to grant a waiver under section 9604(c)(1)(C) of this title for continued response action; and
(B) for a remedial action, within 6 years after initiation of physical on-site construction of the remedial action, except that, if the remedial action is initiated within 3 years after the completion of the removal action, costs incurred in the removal action may be recovered in the cost recovery action brought under this subparagraph.
42 U.S.C. § 9613(g)(2).

. In addition, § 113(f)(2) provides that “[a] person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement shall not be liable for claims for contribution regarding matters addressed in the settlement.” 42 U.S.C. § 9613(f)(2). Section 113(f)(3)(B), in turn, states that "[a] person who has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement may seek contribution from any person who is not a party to a settlement referred to in [§ 113(f)(2)].” 42 U.S.C. § 9613(f)(3)(B). Taken together, these two sections create a powerful mechanism to encourage settlements by Potentially Responsible Parties ("PRPs”) by protecting parties who settle from being sued in later contribution actions and granting a contribution right to those PRPs who enter into approved settlements. Allowing a contribution action to proceed in the absence of a pending § 106 or § 107(a) action would undermine these incentives.

. As the majority opinion concedes, the legislative history of § 113(f)(1) does not contradict this statutory analysis. CERCLA did not include an explicit contribution provision until the passage of SARA in 1986. SARA's legislative history suggests that Congress intended to create only a limited federal contribution right when it enacted § 113(f)(1). For example, when explaining § 113(f) to the House of Representatives, the provision was described as ”confirm[ing] a Federal right of contribution or indemnification for persons alleged or held to be liable under section 106 or 107 of CERCLA and prohibiting] the assertion of such rights against a party who has entered into a judicially approved settlement with the EPA.” H.R. Rep No. 99-253(1), at *79, reprinted in 1986 U.S.C.C.A.N 2835, 2861 (emphasis added). As evidenced by this statement, Congress intended there to be a prior or pending § 106 or § 107 action before a party could seek contribution from other PRPs. Further, when the Judiciary Committee amended a previous version of§ 113(f)(1) to provide for contribution actions “during or following” a § 106 or § 107 action, the change was explained as “clariffying] and em-phasiz[ing] that persons who settle with the EPA (and who are therefore not sued), as well as defendants in CERCLA actions, have a right to seek contribution from other potentially responsible parties.” H.R. Rep. No. 99-253(111), at *18, reprinted in 1986 U.S.C.C.A.N. 3038, 3041. The legislative history of § 113(f)(1) never states that a contribution action can be brought in the absence of a prior or pending cost recovery action. Had Congress intended to create such a broad contribution right, it would have done so explicitly.

.While this and other appellate courts have addressed related questions concerning the proper interpretation of § 113(f)(1), none of them have specifically addressed the issue with which we are confronted: whether a § 106 or § 107 action is a statutory prerequisite to a § 113(f)(1) contribution action. See OHM Remediation Servs. v. Evans Cooperage Co., Inc., 116 F.3d 1574, 1582 n. 2 (5th Cir.1997) (permitting contribution claim against third-party defendant, but specifically stating that the court “express[es] no opinion as to whether a party may be considered a PRP before being sued under CERCLA”); Geraghty & Miller, 234 F.3d at 925 (analyzing the statute of limitations provisions set forth in § 113(g)(2), and holding that a contribution action must be commenced within three years of the completion of removal action); Crofton Ventures Ltd. P’ship v. G & H P’ship, 258 F.3d *696 292, 297 (4th Cir.2001) (permitting § 113 action to proceed after state-ordered cleanup, but failing to specifically address the language of § 113(f)(1)); Bedford Affiliates, 156 F.3d at 424 (permitting § 113 action after state-ordered cleanup, but never addressing what requirements are imposed by § 113's specific language); PMC, Inc., 151 F.3d at 618 (holding § 113 preempts recovery under state contribution law); Pinal Creek Group v. Newmont Mining Corp., 118 F.3d 1298, 1306 (9th Cir.1997) (holding PRP is limited to recovery from other PRPs under § 113, and cannot utilize § 107); Rumpke of Ind., Inc. v. Cummins Engine Co., 107 F.3d 1235, 1241 (7th Cir.1997) (noting in dicta that "a § 106 or § 107(a) action apparently must either be ongoing or already completed before § 113(f)(1) is available”). Because none of these circuit court decisions specifically confront the issue before us, we reject Aviall’s contention that our interpretation conflicts with existing precedent. See Webster v. Fall, 266 U.S. 507, 511, 45 S.Ct. 148, 69 L.Ed. 411 (1925) (holding that "[qjuestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents”).

. Several district courts have held that contribution under § 113(f)(1) is conditioned on the existence of a prior § 106 or § 107 cost recovery action. See Estes v. Scotsman Group Inc., 16 F.Supp.2d. 983 (C.D.Ill.1998); Rockwell Int'l Corp. v. IU Int’l Corp., 702 F.Supp. 1384, 1389 (N.D.Ill.1988) (stating that “[defendants are correct that contribution is a remedy available to parties held liable, through judgment or settlement, in some damages actions. To receive any actual compensation through an action for contribution, the party must have been found liable as a defendant in an earlier or pending action.”) For instance, in Estes, a case whose facts are strikingly similar to those here, a PRP undertook a cleanup of its contaminated property after receiving a letter from the state environmental agency. Estes, 16 F.Supp.2d at 989-90. Following the clean-up, the PRP filed a CERCLA claim against the prior owner under § 107(a) and § 113(f)(1). The district court dismissed the PRP's § 107(a) cost recovery action and then relied on the plain meaning of the statute to hold that the plaintiff could not seek contribution under § 113(f)(1) because the action was not "during or following” a cost recovery suit. Id. at 989 (stating that the "[sjection 113(f) [claim] should be dismissed because there is no § 106 or § 107 claim pending”).
In contrast, other district courts have adopted the majority opinion’s interpretation and held that a contribution action can proceed in the absence of a prior or pending cost recovery action. See, e.g., Coastline Terminals of Conn., Inc. v. USX Corp., 156 F.Supp.2d 203, 208 (D.Conn.2001) (allowing the plaintiff to assert a contribution claim under § 113(f)(1) in the absence of a pending or adjudged § 107 civil action); Ninth Ave. Remedial Group v. Allis Chalmers Corp., 974 F.Supp. 684, 691 (N.D.Ind.1997) (finding that a "PRP can bring a section 113 action even when no prior or pending section 106 or 107 civil actions have occurred”).

. The majority opinion suggests that the interpretation advanced in this dissent violates the axiom that laws should be construed to avoid an absurd or unreasonable result. The plain meaning of the statute, which requires that a § 106 or § 107 action precede a contribution action under § 113(f)(1), does not lead to an absurd result. Contribution is readily available under the statute. The statute sets out three ways in which a party can achieve the right to seek contribution. First, an innocent party may bring a § 107 action against a PRP. Any party named in the § 107 action may subsequently bring a § 113 claim following the commencement of the initial § 107 action. Second, the government may bring an abatement action in federal court pursuant to § 106(b). At any point following the filing of the § 106 action in federal court, a named party can seek contribution from another PRP under § 113(f)(1). Finally, a PRP who has resolved its liability to the United States or a state in an administratively or judicially approved settlement can seek contribution pursuant to § 113(f)(3)(B). See H.R.Ref. No. 99-253(1), at *80, reprinted in U.S.C.C.A.N. 2385, 2862 (“Parties who settle for all or part of a cleanup or its costs, or who pay judgments as a result of litigation, can attempt to recover some portion of their expenses and obligations in contribution litigation from parties who were not sued in the enforcement action or who were not parties to the settlement.”). Taken together, these three methods by which to obtain access to § 113(f)(1) effectively preserve and encourage CERCLA’s important goals.
Nothing in § 113(f)(1) prevents a PRP from seeking contribution under state law. Section 113(f)(l)’s savings clause specifically preserves other contribution remedies. Aviall itself has taken advantage of state contribution law in its attempt to seek recovery of clean-up costs from Cooper. These alternate contribution remedies may ultimately expedite cleanup of contaminated sites by reducing the burden on the federal government to investigate and oversee all remediation efforts.